STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

SHARON V. LOVEJOY     5083
LINDSAY E. ORMAN     9933
KARI NOBORIKAWA     11600
733 Bishop Street, Suite 1900
Pacific Guardian Center, Makai Tower
Honolulu, Hawai'i 96813
Telephone: (808) 537-6100

Attorneys for Defendant
KOMAR MAUI PROPERTIES I LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| COUNTY OF MAUI, DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,<br><br>          Plaintiff,<br><br>   v.<br><br>KOMAR MAUI PROPERTIES I LLC,<br><br>          Defendant. | Case No. 1:24-cv-0000203 MWJS-KJM<br><br>**DEFENDANT KOMAR MAUI PROPERTIES I LLC'S ANSWER TO COMPLAINT FOR CONDEMNATION FILED APRIL 30, 2024;** CERTIFICATE OF SERVICE |

**DEFENDANT KOMAR MAUI PROPERTIES I LLC'S ANSWER TO COMPLAINT FOR CONDEMNATION FILED APRIL 30, 2024**

Defendant KOMAR MAUI PROPERTIES I LLC ("***Komar***"), by and through its undersigned counsel, hereby answers Plaintiff County of Maui, Department of Environmental Management ("***County***")'s Complaint for Condemnation filed April 30, 2024 ("***Complaint***") as follows:

3036762

1. Upon information and belief, Komar admits the allegations contained in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint states legal conclusions as to which no response is required, and the statutory provisions referenced therein speak for themselves. Komar denies any remaining allegations in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states legal conclusions as to which no response is required, and the statutory provisions referenced therein speak for themselves. Komar admits that a document identified as "Resolution No. 24-57" (the "***Resolution***") is attached to Complaint as "Exhibit 1," which document speaks for itself. Komar denies any remaining allegations in paragraph 3 of the Complaint.

4. Answering paragraph 4 of the Complaint, upon information and belief, Komar admits that the County seeks to condemn the fee simple interest in the real property identified by Tax Map Key No. (2) 3-8-3-20 (the "***Property***"), which Property is also sometimes referred to as Lot 1-B of the "Central Maui Sanitary Landfill Subdivision" (Subdivision File No. 3.2203) and is generally as described by the County. Komar denies any remaining allegations in paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, Komar admits that Exhibit 1 to the Complaint includes a map labeled "Central Maui Sanitary Landfill

Subdivision" and a document labeled "Appraisal Report." Upon information and belief, the map described in the preceding sentence correctly shows the Property (in addition to other property). Exhibit 1, including the map and appraisal report included therewith, speaks for itself. To the extent the County mischaracterizes Exhibit 1, including the map or appraisal report, the allegation is denied. Komar denies any remaining allegations in paragraph 5 of the Complaint.

6. Answering paragraph 6 of the Complaint, Komar admits that the Property is located along Pulehu Road, Maui, Hawai'i. The rest of paragraph 6 states legal conclusions to which no response is required, and the statutory provisions referenced therein speak for themselves. Komar denies any remaining allegations in paragraph 6 of the Complaint.

7. Answering paragraph 7 of the Complaint, Komar admits that the Property is generally as described by the County, but is enhanced for future landfill use. Komar denies any remaining allegations in paragraph 7 of the Complaint.

8. Answering paragraph 8 of the Complaint, Komar admits that, upon information and belief, the County seeks to condemn the Property for expansion of the Central Maui Landfill. However, the Resolution (and the Complaint) fail to address why the County needs the Property for landfill use now, when the County previously represented that it did not need the Property for landfill use and intended

to use another parcel. On that basis, Komar denies the remaining allegations in paragraph 8.

9. Komar admits the allegations in paragraph 9 of the Complaint.

10. Answering paragraph 10 of the Complaint, Komar admits that it is the fee owner of the Property. Komar lacks knowledge or information at this time sufficient to form a belief as to the truth of any other allegations in paragraph 10, and therefore denies them.

11. Any and all other allegations in the Complaint to which Komar has not previously responded are denied.

## AFFIRMATIVE DEFENSES

Without admitting any of the facts alleged in the Complaint, Komar hereby asserts the following affirmative defenses. Komar does not hereby assume the burden of proof with respect to those matters as to which the County has the burden of proof, and Komar reserves its rights to contend that the County bears the burden of proof with respect to any matters, including without limitation, any matters listed below as to which the County bears the burden of proof:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The County cannot proceed with implementation of its landfill project on the Property (except for the portion needed for the Lahaina wildfire debris) until further environmental reviews, including a supplemental environmental impact statement, are completed.

## THIRD AFFIRMATIVE DEFENSE

The County previously represented that it did not need the Property for its landfill operations. Except for the portion of the Property needed for the Lahaina wildfire debris, there is no public necessity for this taking.

## FOURTH AFFIRMATIVE DEFENSE

The County's claims are barred, in whole or in part, because Komar already intends to develop a landfill on the Property.

## FIFTH AFFIRMATIVE DEFENSE

The County is acting with improper motives, in bad faith, or for some other purpose amounting to an abuse of its power of eminent domain.

## SIXTH AFFIRMATIVE DEFENSE

The County's valuation of the Property is less than the Property's fair market value and fails to take into account the County's proposed operation of the Property as a landfill.

# ADDITIONAL DEFENSES

Based on the allegations in the Complaint, Komar cannot formulate all of its defenses at this time and reserves the right to amend this answer to include additional affirmative defenses if and when further investigation or discovery justifies the same.

WHEREFORE, Komar prays as follows:

A. That the Complaint be dismissed with prejudice as to the portion of the Property not needed for the disposal of the Lahaina fire debris.

B. That judgment be entered in favor of Komar and against the County as to the portion of the Property not needed for the disposal of the Lahaina fire debris.

C. That the Court determine the amount of just compensation and damages, including statutory interest, that Komar is entitled for the taking of the Property or any portion thereof (*i.e.*, to the extent that Komar does not prevail on a right to take challenge) and enter judgment for Komar in that amount.

D. That if the County abandons this condemnation action before entry of final judgment, or otherwise fails to obtain a final order of condemnation, the Court determine the amount of abandonment damages to which Komar is entitled and enter judgment for Komar in that amount.

E. That Komar be awarded costs and reasonable attorneys' fees;

F. That the Court award such other and further relief to Komar as it deems just and appropriate.

DATED: Honolulu, Hawai'i, May 21, 2024.

                                                */s/ Lindsay E. Orman*
                                                SHARON V. LOVEJOY
                                                LINDSAY E. ORMAN
                                                KARI NOBORIKAWA

                                                Attorneys for Defendant
                                                KOMAR MAUI PROPERTIES I LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| COUNTY OF MAUI, DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,<br><br>Plaintiff,<br><br>v.<br><br>KOMAR MAUI PROPERTIES I LLC,<br><br>Defendant. | Case No. 1:24-cv-0000203 MWJS-KJM<br><br>**CERTIFICATE OF SERVICE** |
|---|---|

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date executed below, a true and correct copy of the foregoing was duly served upon the following parties at their last known address, in the matter indicated below:

|  | PACER/ EMAIL | U.S. MAIL | HAND DELIVERY |
|---|---|---|---|
| VICTORIA J. TAKAYESU, ESQ.<br>MARIANA LOWY-GERSTMAR, ESQ.<br>THOMAS W. KOKBE, ESQ.<br>County of Maui<br>200 South High Street<br>Wailuku, Hawai`i  96796<br><br>Attorneys for Plaintiff<br>COUNTY OF MAUI, DEPARTMENT OF ENVIRONMENTAL MANAGEMENT | X |  |  |

DATED: Honolulu, Hawai'i, May 21, 2024.

                                      */s/ Lindsay E. Orman*
                                      SHARON V. LOVEJOY
                                      LINDSAY E. ORMAN
                                      KARI NOBORIKAWA

                                      Attorneys for Defendant
                                      KOMAR MAUI PROPERTIES I LLC