# EXHIBIT E



LAND USE COMM 'N
STATE OF HAWAII

2020 AUG 13 P 3: 00

## BEFORE THE LAND USE COMMISSION

## OF THE STATE OF HAWAI'I

| | |
|---|---|
| In The Matter Of The Application Of The | )<br>) DOCKET NO. SP97-390 |
| COUNTY OF MAUI DEPARTMENT OF<br>ENVIRONMENTAL MANAGEMENT | )<br>) FINDINGS OF FACT,<br>) CONCLUSIONS OF LAW, AND |
| To Obtain A Fourth Amendment To<br>Land Use Commission Special Permit To<br>(1) Extend The Time For The Special<br>Permit To October 31, 2028, For The<br>Central Maui Landfill; (2) Delete<br>Approximately 16.841 Acres Of Land<br>From The Special Permit; And (3) Include<br>Approximately 39.573 Acres Of Land<br>Within The Special Permit For The<br>Development Of Recycling And<br>Diversion Facilities | ) DECISION AND ORDER<br>) APPROVING WITH<br>) MODIFICATIONS THE<br>) RECOMMENDATION OF THE<br>) COUNTY OF MAUI PLANNING<br>) COMMISSION TO APPROVE A<br>) FOURTH AMENDMENT TO THE<br>) LAND USE COMMISSION SPECIAL<br>) PERMIT; EXHIBIT "A" AND<br>) CERTIFICATE OF SERVICE<br>) |
| -------------------------------------------------------- | ) |

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION AND ORDER
APPROVING WITH MODIFICATIONS THE RECOMMENDATION OF THE
COUNTY OF MAUI PLANNING COMMISSION TO APPROVE A FOURTH
AMENDMENT TO THE LAND USE COMMISSION SPECIAL PERMIT; EXHIBIT "A"

AND

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT THIS IS A TRUE AND CORRECT
COPY OF THE DOCUMENT ON FILE IN THE OFFICE OF THE
STATE LAND USE COMMISSION, HONOLULU, HAWAI'I.

Date     8/13/2020

BY

DANIEL ORODENKER



BEFORE THE LAND USE COMMISSION

OF THE STATE OF HAWAI'I

| | | |
|---|---|---|
| In The Matter Of The Application Of The | ) | DOCKET NO. SP97-390 |
| | ) | |
| COUNTY OF MAUI DEPARTMENT OF | ) | FINDINGS OF FACT, |
| ENVIRONMENTAL MANAGEMENT | ) | CONCLUSIONS OF LAW, AND |
| | ) | DECISION AND ORDER |
| To Obtain A Fourth Amendment To | ) | APPROVING WITH |
| Land Use Commission Special Permit To | ) | MODIFICATIONS THE |
| (1) Extend The Time For The Special | ) | RECOMMENDATION OF THE |
| Permit To October 31, 2028, For The | ) | COUNTY OF MAUI PLANNING |
| Central Maui Landfill; (2) Delete | ) | COMMISSION TO APPROVE A |
| Approximately 16.841 Acres Of Land | ) | FOURTH AMENDMENT TO THE |
| From The Special Permit; And (3) Include | ) | LAND USE COMMISSION SPECIAL |
| Approximately 39.573 Acres Of Land | ) | PERMIT; EXHIBIT "A" AND |
| Within The Special Permit For The | ) | CERTIFICATE OF SERVICE |
| Development Of Recycling And | ) | |
| Diversion Facilities | ) | |
| ------------------------------------------------------- | ) | |

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION AND ORDER
APPROVING WITH MODIFICATIONS THE RECOMMENDATION OF THE
COUNTY OF MAUI PLANNING COMMISSION TO APPROVE A FOURTH
AMENDMENT TO THE LAND USE COMMISSION SPECIAL PERMIT; EXHIBIT 'A'

AND

CERTIFICATE OF SERVICE



LAND USE COMMISSION
STATE OF HAWAII

2020 AUG 13 P 3: 02

## BEFORE THE LAND USE COMMISSION

## OF THE STATE OF HAWAI`I

| | |
|---|---|
| In The Matter Of The Application Of The | ) DOCKET NO. SP97-390 |
| | ) |
| COUNTY OF MAUI DEPARTMENT OF | ) FINDINGS OF FACT, |
| ENVIRONMENTAL MANAGEMENT | ) CONCLUSIONS OF LAW, AND |
| | ) DECISION AND ORDER |
| To Obtain A Fourth Amendment To | ) APPROVING WITH |
| Land Use Commission Special Permit To | ) MODIFICATIONS THE |
| (1) Extend The Time For The Special | ) RECOMMENDATION OF THE |
| Permit To October 31, 2028, For The | ) COUNTY OF MAUI PLANNING |
| Central Maui Landfill; (2) Delete | ) COMMISSION TO APPROVE A |
| Approximately 16.841 Acres Of Land | ) FOURTH AMENDMENT TO THE |
| From The Special Permit; And (3) Include | ) LAND USE COMMISSION SPECIAL |
| Approximately 39.573 Acres Of Land | ) PERMIT |
| Within The Special Permit For The | ) |
| Development Of Recycling And | ) |
| Diversion Facilities | ) |

-----------------------------------------------------------

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION AND ORDER APPROVING WITH MODIFICATIONS THE RECOMMENDATION OF THE COUNTY OF MAUI PLANNING COMMISSION TO APPROVE A FOURTH AMENDMENT TO THE LAND USE COMMISSION SPECIAL PERMIT

The State of Hawai`i Land Use Commission ("LUC" or "Land Use

Commission"), having examined the complete record of the County of Maui Planning

Commission ("Planning Commission") proceeding on the request to amend the State

Special Permit ("Fourth Amendment Request") filed by the County of Maui

Docket No. SP97-390/County of Maui Department of Environmental Management 1
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

Department of Environmental Management ("Applicant") to (1) extend the time for the existing Special Permit to October 31, 2028, for the Central Maui Landfill ("CML"); (2) delete approximately 16.841 acres of land, identified as Tax Map Key ("TMK"): (2) 3-8-003: por. 20, from the Special Permit; and (3) include approximately 39.573 acres of land, identified as TMK: (2) 3-8-003: por. 19 ("CML Facilities Project Area"), within the Special Permit for the development of recycling and diversion facilities for the purpose of reducing the amount of waste entering the CML, and upon consideration of the matters discussed therein, at its meeting on July 8 and 9, 2020, using the Zoom Webinar Virtual Meeting platform, hereby makes the following findings of fact, conclusions of law, and decision and order:

FINDINGS OF FACT

PROCEDURAL MATTERS

1.      On February 28, 2018, the Applicant filed the Fourth Amendment Request with the County of Maui Department of Planning ("DP" or "Planning Department") to amend the existing State Special Permit for the CML,[1] pursuant to

---

[1] In conjunction with the Fourth Amendment Request to amend the existing State Special Permit, the Applicant is also requesting to amend the existing County Special Use Permit (CUP 2008/0003), which is solely under the jurisdiction of the Planning Commission.

Docket No. SP97-390/County of Maui Department of Environmental Management                2
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

Hawaiʻi Revised Statutes ("HRS") § 205-6 and Hawaiʻi Administrative Rules ("HAR")

§§ 15-15-95 *et seq.*[2]

2.     On July 19, 2019, the Applicant issued a Finding of No Significant

Impact ("FONSI") for the Environmental Assessment ("EA") prepared for the Fourth

Amendment Request.

3.     On August 8, 2019, the Final EA/FONSI was published in the State

of Hawaiʻi Office of Environmental Quality Control's *The Environmental Notice.*

4.     On December 10, 2019, the Planning Commission considered the

Applicant's Fourth Amendment Request.  There was no public testimony provided at

---

[2] Approximately 22 acres of the CML Facilities Project Area are designated as Important Agricultural Land ("IAL"), pursuant to Docket No. DR09-38/Alexander & Baldwin, Inc.  The Applicant's Fourth Amendment Request was referred to the State of Hawaiʻi Department of Agriculture ("DOA") and the State of Hawaiʻi Office of Planning ("OP") for review and comment and their comments and recommendations were included as part of the record in accordance with HRS § 205-50(b).

The DOA requested that the Applicant address how the Fourth Amendment Request would not conflict with HRS §§ 205-41 to 52 pertaining to the IAL provisions.  The DOA agreed with the Applicant that the proposed use is unusual and reasonable because it will support and expand the CML, which is a unique and an essential facility for the County of Maui.  The DOA urged the County to hold any special permit considered for agricultural lands that are designated as IAL to a higher level of scrutiny.

The DOA also recommended that the Applicant consider significant mitigation measures, including removing the IAL designation within the CML Facilities Project Area pursuant to the process outlined in HRS § 205-50(g) and/or implementing a remediation plan for IAL designated lands to be returned to agricultural use after the life of the CML.

OP expressed concern that using IAL designated lands for non-agricultural uses, such as the proposed expansion of the CML, would set a precedent in the future.

Docket No. SP97-390/County of Maui Department of Environmental Management                3
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

the hearing.  After due deliberation, the Planning Commission recommended approval

of the Applicant's Fourth Amendment Request, subject to 18 conditions.

5.     On March 6, 2020, the LUC received the decision and a portion of

the record of the Planning Commission's proceedings on the Applicant's Fourth

Amendment Request.

6.     On June 29, 2020, the LUC received the remaining part of the

record.

7.     On July 1, 2020, OP filed written comments with the LUC

recommending approval of the Applicant's Fourth Amendment Request with two

additional conditions requiring the Applicant to (1) submit a declaratory ruling petition

with the LUC to withdraw the 22 acres of IAL from the IAL designation within one year

of the LUC's Decision and Order for the Applicant's Fourth Amendment Request; and

(2) instruct the construction employees during the pre-construction meeting or similar

circumstance of the possibility of discovering funerary objects and burials during

construction, and that should burials be found, the Applicant shall consult with the

State Historic Preservation Division ("SHPD") and cultural and lineal descendants of

the area to develop a reinternment plan and cultural preservation plan for proper

cultural protocol, curation, and long-term maintenance.

Docket No. SP97-390/County of Maui Department of Environmental Management                    4
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

8. On July 8, 2020, the Applicant filed a position statement with the LUC in support of its Fourth Amendment Request which stated, among other things, that the Applicant had no objections to OP's two additional conditions.

9. On July 8, 2020, the LUC considered the Applicant's Fourth Amendment Request at its meeting using the Zoom Webinar Virtual Meeting platform. Jennifer Oana, Esq.; Eric Nakagawa; Elaine Baker; and Mark Roy appeared on behalf of the Applicant. Michael Hopper, Esq.; Jordan Hart; and Kurt Wollenhaupt appeared on behalf of the DP. Dawn Apuna, Esq.; Rodney Funakoshi; and Lorene Maki appeared on behalf of OP.

10. At the meeting, the Applicant provided a presentation on the Applicant's Fourth Amendment Request. The LUC continued the meeting to July 9, 2020.

11. On July 9, 2020, the LUC resumed the meeting using the Zoom Webinar Virtual Meeting platform. Jennifer Oana, Esq.; Eric Nakagawa; Shayne Agawa; Elaine Baker; and Mark Roy appeared on behalf of the Applicant. Michael Hopper, Esq.; Jordan Hart; and Kurt Wollenhaupt appeared on behalf of the DP. Dawn Apuna, Esq.; Rodney Funakoshi; and Lorene Maki appeared on behalf of OP. At the continued meeting, both OP and the DP argued in support of the Applicant's Fourth

Docket No. SP97-390/County of Maui Department of Environmental Management
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

5

Amendment Request. Following discussion, the meeting, the Applicant proposed two

conditions for the LUC's consideration:

- Within one year of approval of this Fourth Amendment, the County shall identify County-owned agricultural property of similar land properties and equivalent acreage on Maui and submit a request to have it designated as IAL to compensate for the loss of the 22 acres of IAL associated with the CML Facilities Project.

- Upon restoration of closed phases of the CML and where safe and practicable to do so and if still designated as agriculture at that time, the County shall seek to make such lands available for future appropriate agriculture use in accordance with applicable state and federal guidelines and requirements.

12.    After additional discussion, the LUC entered into deliberations on

the matter. Thereafter, a motion was made and seconded to approve the Applicant's

Fourth Amendment Request, subject to the 18 conditions recommended by the Planning

Commission and the two conditions proposed by the Applicant. Amendments to this

motion were subsequently made and seconded to include (a) an additional condition to

read as follows:

- The Applicant shall commence the process to seek a district boundary amendment with the LUC for the approximately 22 acres of IAL within five years of the LUC's Decision and Order for the Applicant's Fourth Amendment Request.

Docket No. SP97-390/County of Maui Department of Environmental Management                    6
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

and (b) the two conditions recommended by OP. Following discussion, a vote was taken on this amended motion. There being a vote tally of 5 ayes and 3 nays, the amended motion passed.[3]

DESCRIPTION OF THE CML

13.     The CML is located at 8100 Pūlehu Road in Puʻunēnē and is the primary landfill facility for most of Maui Island.

14.     Surrounding uses to the CML include former sugarcane lands that were previously cultivated by Hawaiian Commercial and Sugar Company ("HC&S") to the north, the existing HC&D quarry operations to the east, Pūlehu Road and former sugarcane lands to the south, and former sugarcane lands to the west.

15.     The CML was established under a Special Permit issued in Docket No. SP86-359 on May 14, 1986. At the time, the landfill consisted of approximately 55 acres of land and included a sanitary landfill, weigh station, and access road. The Special Permit was subsequently amended to include the collection of special waste into marketable materials, such as biodiesel and compost, on 10 acres of the 55 acres.

16.     In 1997, the CML was expanded by an additional approximately 29.340 acres under the current Docket No. SP97-390. The Special Permit was valid to July 21, 2007. In 2002, the LUC approved an amendment to the Special Permit to allow

---

[3] There are eight sitting commissioners presently on the LUC. The ninth seat is currently vacant.

Docket No. SP97-390/County of Maui Department of Environmental Management          7
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

for the construction and operation of a new entrance facility and related improvements on approximately 5.3 acres of land of the Special Permit area.

17.     In 2004, the LUC granted approval of a second amendment to the Special Permit to include an additional 1.395 acres of land as well as a time extension to initiate construction.

18.     In 2008, the Special Permit was amended for the third time to (1) extend the life of the Special Permit by ten years to October 31, 2018; (2) expand the CML site by approximately 41.2 acres of land; and (3) transfer the permit from the County of Maui Department of Public Works to the Applicant.

19.     The current Special Permit area in this docket is approximately 72.927 acres and is based on a recent metes and bounds survey. To the extent that the acreages of the original request and subsequent amendments were determined without the benefit of such a metes and bounds survey (the current condition requires only the filing of an aerial photographic map with overlay and a site map depicting the acreage), the acreage under the Special Permit in the record differs slightly from the surveyed amount.

DESCRIPTION OF THE FOURTH AMENDMENT REQUEST

20.     The State Special Permit for the CML was valid until October 31, 2018. The Applicant filed the Fourth Amendment Request with the DP on February 28,

Docket No. SP97-390/County of Maui Department of Environmental Management                8
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

2018. As part of the Fourth Amendment Request, the Applicant is seeking a time extension for the Special Permit to October 31, 2028. The proposed 10-year time extension will allow the continued operation of the CML for an additional ten years.

21.     The Applicant also proposes the deletion of approximately 16.841 acres of land, identified as TMK: (2) 3-8-003: por. 20, from the Special Permit as this area is longer owned by the County of Maui and is not part of the CML site. Although the area constituted a part of the approximately 41.2-acre expansion of the CML in 2008, the Applicant does not have any plans to incorporate this land as part of solid waste management operations at the CML.

22.     The approximately 39.573-acre CML Facilities Project Area to be included within the Special Permit as part of the Applicant's Fourth Amendment Request consists of former sugarcane land that is currently vacant. It is located on a portion of an approximately 180-acre County-owned parcel identified as TMK: (2) 3-8-003: 19. The proposed facilities will be located on the north side of Pūlehu Road between Kahului and Kula. The County of Maui acquired the CML Facilities Project Area from Alexander & Baldwin, Inc., in 2012.

23.     With the deletion of approximately 16.841 acres and the addition of approximately 39.573 acres (a net expansion of approximately 22.732 acres), the total permitted area under the Special Permit will be approximately 95.659 acres.

Docket No. SP97-390/County of Maui Department of Environmental Management     9
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

24. Among the recycling and diversion facilities planned for the CML Facilities Project Area are the following improvements: an 8,000-square-foot office; a 2-acre Abandoned Vehicles Area; a 40,000-square-foot Metals Processing Area; a 40,000-square-foot Open Construction and Demolition ("C&D") Material Recovery Area; a 20,000-square-foot Household Hazardous Waste and Electronic Waste Collection and Storage Area; a 20,000-square-foot Warehouse Building and Storage Area; a 12,000-square-foot Refuse Collection Office, a 2-acre Truck Parking Area and Maintenance Area; two drainage basins; and associated infrastructure (collectively "CML Facilities Project").

25. The Abandoned Vehicles Area will function as storage area to accommodate abandoned vehicles for the holding period required by law. The program will periodically conduct public auctions to put the vehicles back into circulation and minimize the tonnage disposed as scrap. Vehicles not purchased will be recycled either through a third-party scrap metal processor or through the adjacent Metals Processing Area.

26. The Open C&D Material Recovery Area will receive, process, and store recyclable materials from construction and demolition debris. Heavy equipment may be used to separate bulky materials. Conveyor belts and mechanical screens can be used for further sorting. Concrete, asphalt, and other large items may be stockpiled and

Docket No. SP97-390/County of Maui Department of Environmental Management                    10
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

processed for reuse. Metals recovered may be recycled either through a third-party scrap metal processor or through the adjacent metals processing area. Wood, unpainted and untreated, as well as green waste may be directed to a composting facility for further processing. Recovered soils may be utilized as landfill cover and inerts may be used for internal landfill roadways.

27. The Household Hazardous Waste and Electronic Waste Collection and Storage Area will accommodate the receipt, management, storage, and outgoing transportation of household hazardous waste and electronic waste collected from residents. The enclosed structure will be used to collect household hazardous waste and electronic waste, categorize it for temporary storage, and package it for transport to appropriate offsite or off-island recycling/reuse facilities or disposal sites.

28. The construction cost of the CML Facilities Project is estimated at $31.4 million and is anticipated to be completed by 2020. Project completion is subject to obtaining all necessary permits and the availability of funding.

LAND USE DESIGNATIONS OF THE CML FACILITIES PROJECT AREA

29. The approximately 39.573-acre CML Facilities Project Area is designated within the State Land Use Agricultural District.

30. Under the Maui Island Plan ("MIP"), a portion of the CML Facilities Project Area is within the Urban Growth Boundary.

Docket No. SP97-390/County of Maui Department of Environmental Management          11
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

31.     The Wailuku-Kahului Community Plan designates the CML Facilities Project Area as Agriculture.

32.     The CML Facilities Project Area is zoned "Agricultural" District.

IMPACTS TO RESOURCES OF THE AREA

Agricultural Resources

33.     The CML Facilities Project Area consists of lands with soil classified by the Land Study Bureau's Detailed Land Use Classification as overall (master) productivity rating class A.

34.     The CML Facilities Project Area consists of lands classified as "Prime" by the Agricultural Lands of Importance to the State of Hawai`i classification system.

35.     The Soil Survey of the Islands of Kaua`i, O`ahu, Maui, Moloka`i, and Lāna`i, State of Hawai`i, characterizes the soils of the CML Facilities Project Area as belonging to the Waiakoa-Keahua-Moloka`i association. The soils are in the Moloka`i and Waiakoa series. The Moloka`i and Waiakoa series are characterized by well-drained soils on uplands. The Moloka`i series range at elevations near sea level to moderately steep at the 1,000 feet elevation. The Waiakoa series soil is gently sloping to moderately steep, ranging at elevations from 100 feet to 1,000 feet. The soils are classified as Moloka`i silty clay loam, 3 to 7 percent slopes (MuB), Waiakoa silty clay

Docket No. SP97-390/County of Maui Department of Environmental Management          12
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

loam, 3 to 7 percent slopes (WeB), and Waiakoa silty clay loam, 7 to 15 percent slopes (WeC). On MuB soil, runoff is slow to moderate and the erosion hazard is slight to moderate. On WeB and WeC soils, runoff is slow to medium and the erosion hazard is slight to moderate.

36.     An approximately 22-acre portion of the CML Facilities Project Area is designated IAL. It was designated as IAL by the LUC pursuant to Docket No. DR09-38/Alexander & Baldwin, Inc.

37.     The CML Facilities Project Area as a whole is not critical to agriculture use as there is a large amount of similarly designated land in the area to undertake diversified agriculture production.

38.     The Applicant has agreed to submit a declaratory ruling petition with the LUC to withdraw the 22 acres of IAL from the IAL designation within one year of the LUC's Decision and Order for the Applicant's Fourth Amendment Request.

39.     The Applicant has also agreed to identify County-owned agricultural property of similar land properties and equivalent acreage on Maui and submit a request to have it designated as IAL to compensate for the loss of the 22 acres of IAL associated with the CML Facilities Project within one year of approval of this Fourth Amendment Request

Docket No. SP97-390/County of Maui Department of Environmental Management          13
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

40.     The Applicant has further agreed, upon the restoration of closed phases of the CML and where safe and practicable to do so and if still designated as agriculture at that time, to seek to make such lands available for future appropriate agriculture use in accordance with applicable state and federal guidelines and requirements.

Archaeological and Cultural Resources

41.     As part of the requirements for a County of Maui Grading and Grubbing Permit, Scientific Consultant Services, Inc., prepared an archaeological survey draft document entitled *An Archaeology Assessment for the Central Maui Landfill Expansion Project, Wailuku Ahupua`a, Wailuku District, Maui Island, Hawai`i, TMK: (2) 3-8-003: 019 por.* dated August 2016 and revised October 2017 and submitted it to the SHPD. As the results of the archaeological inventory survey were negative, the survey report was submitted to the SHPD as an archaeological assessment report in accordance with HAR § 13-275-5(b)(5)(A). The SHPD determined that the revised draft archaeology assessment met the minimum requirements pursuant to HAR § 13-275-5 and accepted it.

42.     The CML Facilities Project Area has undergone extensive alteration due to sugarcane cultivation.

Docket No. SP97-390/County of Maui Department of Environmental Management                14
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

43.     Due to negative findings, the SHPD found that the project effect

determination is that no historic properties will be affected pursuant to HAR § 13-275-

7(a)(1), and that no archaeological monitoring is required.

44.     Cultural Surveys Hawai`i, Inc., prepared a document entitled

*Cultural Impact Assessment for the Central Maui Landfill Facilities Project, Wailuku*

*Ahupua`a, Wailuku District, Maui Island, TMK: (2) 3-8-003: 019 (por.)* dated February 2019.

45.     Based on the information gathered from the cultural and historical

background, previous archaeological research, and community consultation, there are

no potential cultural impacts anticipated to occur with the implementation of the

Applicant's Fourth Amendment Request.  However, during the interviews for the

Cultural Impact Assessment, it was determined that there is the potential for

unearthing iwi kūpuna (ancestral bones) during construction activities given that the

Central Maui plain was a likely location of historical battles.

46.     In the event inadvertent cultural finds, including human remains,

are found during construction, it is recommended that there be archaeological

monitoring during all construction activities occurring at the landfill.  It is further

recommended that all personnel involved in construction activities be informed of the

possibility of inadvertent cultural finds during a pre-construction meeting.  In the event

any potential historic properties are identified during construction activities, it is

Docket No. SP97-390/County of Maui Department of Environmental Management                              15
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

recommended that all activities cease and that the SHPD be notified. In the event iwi kūpuna are identified, it is also recommended that all earth moving activities in the area cease, with the affected area cordoned off and the SHPD and the Police Department notified. Additionally, it is recommended that the Applicant consult with cultural and lineal descendants of the area to develop a reinternment plan and cultural preservation plan for proper cultural protocol, curation, and long-term maintenance. The Applicant intends to follow these recommendations.

Flora and Fauna

47.    Robert W. Hobdy, Environmental Consultant, prepared a report entitled *Biological Resources Survey for the Central Maui Sanitary Landfill Facility Expansion Project, Puʻunēnē, Maui, Hawaii* dated April 2016.

48.    There are no federally listed endangered or threatened species on the CML Facilities Project Area.

49.    The U.S. Fish and Wildlife Service ("USFWS") found that there are five possible listed species within the vicinity of the site: the federally endangered Hawaiian hoary bat, the Blackburn's sphinx moth, the Hawaiian stilt, the Hawaiian coot, and the Hawaiian goose.

Docket No. SP97-390/County of Maui Department of Environmental Management                16
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

50.     The USFWS recommends the following measures to minimize the

impacts to the Hawaiian hoary bat, the Blackburn's sphinx moth, and the Hawaiian

waterbirds and Hawaiian goose:

> Hawaiian hoary bat: Woody plants greater than 15 feet tall should not be removed or trimmed during the breeding season (June 1 to September 15). Additionally, barbed wire should not be used for fencing as part of the proposed action.

> Blackburn's sphinx moth: A qualified biologist should survey areas of proposed construction activities for the moth and its host plants prior to initiation during the wettest portion of the year (usually November to April or several weeks after a significant rain) and immediately prior to construction. Any host plants with eggs, larvae, and signs of larvae feeding should not be cut or disturbed.

> Hawaiian waterbirds and Hawaiian goose: To minimize adverse impacts, such as predation and reduced reproductive success, the project should occur outside of the Hawaiian stilt breeding season (February through August). If the breeding period cannot be avoided, consultation with the USFWS is recommended to develop measures to avoid impacts.

> The Applicant intends to follow these recommendations.

## Scenic and Open Space

51.     The views of Haleakalā and the West Maui Mountains are the

principal visual resources in the area. The western slopes of Haleakalā are visible to the

east of the CML Facilities Project Area, with the eastern slopes of the West Maui

Mountains visible to the west. Open space resources include the expansive agricultural

lands surrounding the site. The CML Facilities Project Area is not located within a

scenic view corridor nor is it a part of a designated open space resource area.

Docket No. SP97-390/County of Maui Department of Environmental Management                                        17
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

52. The location of the CML Facilities Project Area within the open, low-lying space of surrounding agricultural lands minimizes its impacts to visual planes. Some of the proposed activity areas are at a lower elevation than Pūlehu Road. As such, the CML Facilities Project is not anticipated to adversely impact views and open space resources.

## IMPACTS TO ENVIRONMENTAL QUALITY

### Air Quality

53. Air quality in the CML Facilities Project Area is generally good. Notable sources of air quality contaminants in the area are from the CML, the HC&D quarry, and Maui EKO Systems' composting operations. The natural tradewinds dissipate emissions and odors associated with the landfill and nearby non-agricultural operations.

54. Construction of the CML Facilities Project and its operations are anticipated to result in emissions of carbon monoxide, nitrogen dioxide, particulate matter, and ozone precursors primarily from exhaust emissions from internal combustion engines associated with vehicles and heavy equipment operated during the construction and the operational phases of the CML Facilities Project. Particulate matter emission sources will primarily consist of dust and particulate resulting from earthwork activities during the construction period and material handling and

Docket No. SP97-390/County of Maui Department of Environmental Management        18
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

transport activities during the operational phase. Emissions from internal combustion engines will also contribute to particulate matter.

55. Construction-generated pollutants will be short term. Emissions associated with vehicles and heavy equipment will be minimized through proper operation and maintenance of this equipment in accordance with manufacturer's recommendations and in compliance with applicable rules and regulations. Particulate matter associated with the earthmoving activities of the construction phase will be controlled and mitigated through the implementation of Best Management Practices ("BMPs"), including regular application of water to areas where earthwork is occurring, regular watering of unpaved haul roads, regular watering of exposed earthen surfaces, regular sweeping/cleaning of paved roads, and installation of dust fences. Upon completion of earthwork activities, expeditious establishment of vegetative cover on exposed surfaces will minimize dust generation from these areas during the post-construction period.

56. Operational-related emissions associated with vehicles and heavy equipment will be minimized through proper operation and maintenance of this equipment in accordance with a manufacturer's recommendations and in compliance with applicable rules and regulations.

Docket No. SP97-390/County of Maui Department of Environmental Management                    19
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

57.     Vehicle emissions associated with the proposed refuse collection office and maintenance facility do not represent new emissions over those currently generated in that the vehicles and associated maintenance and administrative activities to be housed at the CML Facilities Project Area are already in existence. Three existing facilities will be consolidated to the site with no increase in the number of existing trucks. The consolidation of the three existing facilities into one centralized facility at the site is expected to create economies in daily operations resulting from a central pool of resources.

58.     The Abandoned Vehicle Management Program to be housed at the CML Facilities Project Area is an existing activity currently operated on a nearby lot on Hansen Road and will not represent a new activity or new emissions in the general area. Emissions from the operation of this program at the site will be similar in nature as the current operation and will not result in a net increase in emissions.

59.     C&D processing is currently conducted at the CML, and this activity will be relocated to the Open C&D Material Recovery Area. This permanent C&D operation is intended to facilitate and expand C&D waste diversion from the CML and will likely result in marginally increased emissions from the current operation. These emissions will be minimized through proper operation and maintenance of the

Docket No. SP97-390/County of Maui Department of Environmental Management          20
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

equipment in accordance with the manufacturer's recommendations and in compliance with applicable rules and regulations.

60.     The Metals Processing Area will involve operations that are not currently undertaken by the County of Maui, and therefore will result in an increase in emissions. The activities anticipated to occur in this facility will involve the receipt and processing of scrap vehicles and other sources of scrap metal. Processing of scrap vehicles will require removal and management of automotive fluids and refrigerant gases. Other scrap metal materials, such as white goods, will also require removal of refrigerant gases. Emissions associated with the removal, handling, and storage of these fluids and gases will be minimized and mitigated through implementation of proper operating procedures, installation of equipment designed for these activities, and maintenance and operation of this equipment in accordance with the manufacturer's recommendations and in accordance with applicable rules and regulations.

61.     Handling and processing of scrap metal typically involves the use of diesel-powered heavy equipment. This type of equipment will be used to move, dismantle, and consolidate scrap metal materials prior to its offsite shipment to end users. Emissions associated with this heavy equipment will be minimized through proper operation and maintenance of the engines in accordance with the

Docket No. SP97-390/County of Maui Department of Environmental Management      21
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

manufacturer's recommendations and in compliance with applicable rules and regulations.

62. Particulate matter emissions associated with the operation of the CML Facilities Project will be primarily related to vehicle movement over unpaved areas of the CML Facilities Project Area and from materials handling at the Open C&D Material Recovery and Metals Processing Areas. BMPs for dust control will be similar to those undertaken during the construction period. Crushing and grinding equipment used at the C&D and Metals Processing Areas are typically equipped with water misting systems located in areas most prone to dust generation in order to minimize the escape of dust from the immediate vicinity. Paved roads and parking areas can also be sources of dust, but this will be mitigated through regular sweeping/cleaning of the surfaces to prevent deposition and buildup of sediment and particulate matter.

63. Air quality can also be impacted by activities that generate odors that migrate beyond the limits of their operation. Some of the activities to be undertaken at the CML Facilities Project Area could involve the handling or processing of odorous or odor causing materials. Abandoned vehicle storage and scrap metal processing entail the handling, processing, and storing of relatively inert metals and limited amounts of plastics, rubber, and other materials found in motor vehicles and white goods, and therefore do not typically generate odors.

Docket No. SP97-390/County of Maui Department of Environmental Management                    22
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

64.    C&D recycling activities primarily involve the handling and processing of building materials that are inert or slow to decompose, and therefore do not typically generate odors.  However, ground or chipped wood materials, if stockpiled for extended periods of time, could generate odors.  Therefore, the timely removal of these materials from the facility will prevent odor generation.  Occasionally, C&D operations may receive C&D debris mixed with other solid waste materials which could contain odorous materials.  Expeditious removal of these mixed materials from the Open C&D Material Recovery Area and relocation to the active disposal area of the adjacent CML will minimize the odor potential.

65.    Household hazardous waste and electronic waste handling and storage, when properly conducted, will not result in odors.  Electronic waste is composed primarily of inert materials and does not generate odors if properly stored and kept dry.  Household hazardous waste materials are typically received in their original commercial packaging and are stored in secondary containment to prevent spills.  Leaking containers are addressed upon receipt and either emptied into bulk containers with compatible materials or stored in closed containers with absorbents.  Materials received are segregated based on their characteristics, stored in an enclosed area to prevent contact with rain, and shipped to permitted offsite recycling or disposal

Docket No. SP97-390/County of Maui Department of Environmental Management                    23
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

facilities at regular intervals. The combination of packaging and storage within an enclosed building will prevent odor generation.

66. The Refuse Collection Office and Maintenance Area, which will house and maintain a fleet of refuse collection vehicles, has the potential to generate offsite odors. This will be addressed by regular sweeping/cleaning of the truck parking area. The CML Facilities Project includes a truck wash pad that will permit regular cleaning of the truck bodies and the refuse holding areas and minimize potential odors emanating from the refuse vehicles.

Noise

67. The CML and the HC&D quarry operations are the primary contributors to the existing background noise in the area.

68. Ambient noise conditions will be temporarily impacted by construction activities for the CML Facilities Project. Heavy construction equipment will likely be the dominant sources of noise during the construction period. The Applicant intends to perform regular maintenance of the construction equipment to minimize any noise impacts.

69. Operation of some of the proposed facilities within the CML Facilities Project will result in the generation of noise. However, the surrounding area

Docket No. SP97-390/County of Maui Department of Environmental Management                                    24
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

is uninhabited and the offsite receptors for noise will be the passing vehicular traffic on Pūlehu Road, existing CML operations, and the nearby HC&D quarry operation.

70.     Most of the operations from the CML Facilities Project will have limited noise generation potential. Many of the activities will take place within fully enclosed buildings that will reduce noise impacts to the surrounding area.

71.     The Open C&D Material Recovery and Metals Processing Areas are expected to generate the most amount of noise. The Open C&D Material Recovery Area will be located at an elevation of approximately 20 feet lower than the adjacent stretch of Pūlehu Road. This vertical offset will create a sound wall and minimize the projection of noise offsite and minimize the potential impact to occupants of passing vehicles on Pūlehu Road. The Metals Processing Area will also be located adjacent to Pūlehu Road. To minimize the potential for noise impacts, the activities with the higher noise potential will be located in the southerly half of the covered Metals Processing Area, where the facility elevation is approximately 8 to 15 feet lower than Pūlehu Road.

72.     Heavy noise-generating equipment used within the CML Facilities Project will be maintained in accordance with the manufacturer's recommendations to ensure proper operating conditions. This equipment will be fitted with any noise suppression equipment required by applicable state or local regulations.

Docket No. SP97-390/County of Maui Department of Environmental Management                    25
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

<u>Water Quality</u>

73.     The CML Facilities Project will incorporate construction, structural, and operational BMPs designed to minimize impacts to stormwater quality.

74.     During construction, appropriate BMPs will be implemented to minimize impacts to stormwater from erosion.  Frequent watering of exposed surfaces and measures to contain silt plumes, such as silt curtains around the construction zone, will be implemented to mitigate potential adverse water quality impacts.

75.     Structural BMPs will include covered or enclosed areas for activities with high potential to impact stormwater to prevent their exposure to rainfall. The Metals Processing Area, Refuse Collection Office, Household Hazardous Waste and Electronic Waste Collection and Storage Area, and Warehouse and Storage Area are all covered or enclosed areas providing shelter for activities that could otherwise adversely impact stormwater.  Storage of vehicle fluids, solvents, and fuels will occur under covered areas.  If outdoor storage is necessary, these areas will be equipped with the applicable secondary containment to prevent runoff.  Additional BMPs will include diversion berms and swales to direct runoff around and away from steeply sloped areas and areas with activities that could contribute to stormwater degradation.

76.     Operational practices and procedures are prescribed methods of executing work to minimize pollutant exposure to stormwater and are similar to those

Docket No. SP97-390/County of Maui Department of Environmental Management                    26
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

methods undertaken to address hazardous materials, such as performing vehicle fluid changes only inside the covered maintenance area and storing scrap vehicles leaking fluids only under the canopy. In the case of the Open C&D Material Recovery Area, accumulation of fine-grain soils will be minimized to reduce the potential for stockpile erosion and runoff with high suspended solids.

77. Regular use of a street sweeper on paved areas will minimize buildup of dirt and oils on the road that would otherwise impact stormwater. Regular cleaning and upkeep of the exposed operational areas will also be implemented.

78. With the implementation of construction, structural, and operational BMPs, in combination with regular inspections and observations, the CML Facilities Project is not expected to adversely impact water quality.

Hazardous Materials

79. Element Environmental LLC prepared a report entitled *Central Maui Landfill TDSR Baseline Soil Sampling* dated November 22, 2016. The purpose of the report was to establish a baseline of the existing soil conditions prior to the temporary use of the CML Facilities Project Area as a debris staging and reduction area to handle debris from major storm damage that occurred along ʻĪao Stream in 2016. Testing of soil samples did not find any significant concentrations of contaminants in the samples submitted.

Docket No. SP97-390/County of Maui Department of Environmental Management                    27
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

80.     The Applicant intends to implement practices and procedures during the operation of the facilities within the CML Facilities Project to minimize release of hazardous materials to the environment and to ensure proper mitigation of spills/releases that do occur. Such practices and procedures will include, but not be limited to, performing vehicle fluid changes and maintenance activities involving fluids inside the covered vehicle maintenance area and storing scrap vehicles that leak fluids only under the canopy and not outdoors. Training of personnel will also be undertaken to ensure proper response to minimize, remove, and clean spills as well as other types of releases of hazardous materials.

81.     To minimize the potential release of contaminants from materials with a high potential to release pollutants if exposed to the elements, these materials will be handled in enclosed or covered areas. The handling of these materials in such a manner will facilitate the proper containment and cleanup of any spills or releases that may occur.

82.     With these practices and procedures in place, no significant adverse impacts from hazardous materials are anticipated.

Climate

83.     Puʻunēnē experiences mild and uniform temperatures, moderate humidity, and a relatively consistent tradewind. Temperatures (based on readings

Docket No. SP97-390/County of Maui Department of Environmental Management                28
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

taken at Kahului Airport) range from an average daily low of 67.3° F to an average daily high of 83.8° F. A high proportion of the rainfall that Maui receives each year falls on northeast facing shores, leaving the central isthmus and southern coastal areas relatively dry. The annual average rainfall in the vicinity of the CML Facilities Project Area (based on readings taken at Kahului Airport) amounts to approximately 18.23 inches.

84.     Replacement of vegetative surfaces with hardscapes associated with roadways, paved parking areas, and buildings may yield slightly increased ambient air temperatures. The CML Facilities Project will not entirely be developed with hardscapes. The expanse of fallow agricultural lands and open areas in the vicinity should reduce the "heat island effect" by absorbing heat throughout the area.

85.     The CML Facilities Project is not anticipated to have an adverse effect on climate.

## ADEQUACY OF PUBLIC INFRASTRUCTURE AND SERVICES

### Transportation Facilities

86.     Fehr & Peers prepared a report entitled *Central Maui Landfill Facilities Project Transportation Impact Analysis Report* ("TIAR") dated October 2016.

Docket No. SP97-390/County of Maui Department of Environmental Management                    29
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

87.     The transportation network within the CML Facilities Project Area includes Pūlehu Road, Hansen Road, Hāna Highway, Maui Veterans Highway, and Ho'okele Street in the Kahului Industrial Subdivision.

88.     Access to the CML Facilities Project Area will be from a new driveway from Pūlehu Road.  It is projected that the new driveway access would operate at Level of Service ("LOS") A in the morning and LOS B in the afternoon.

89.     Regional analysis of the impacts from the CML Facilities Project included four intersections: (1) Pūlehu Road/Ho'okele Street, (2) Ho'okele Street/Hāna Highway; (3) Pūlehu Road/Hansen Road; and (4) Maui Veterans Highway/Hansen Road.  It is anticipated that three of the intersections will operate at acceptable LOS, while the Pūlehu Road/Hansen Road intersection is expected to experience traffic delays.  These undesirable traffic delays will continue whether the CML Facilities Project is implemented or not.

90.     The TIAR describes the following potential mitigative strategies for the CML Facilities Project:

> At the Pūlehu Road/Ho'okele Street intersection, restriping of the northbound and southbound approaches to include separate left-turn and shared through/right-turn lanes on each approach.  Since the preparation of the TIAR, a traffic signal has been installed with other roadway improvements adjacent to the Safeway development, thereby mitigating traffic at this intersection.

Docket No. SP97-390/County of Maui Department of Environmental Management                    30
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

At the Pūlehu Road/Hansen Road intersection, the project would constitute a maximum of 4 percent of the total peak hour traffic at this intersection. Potential mitigative measures may include the installation of an all-way stop control or traffic signal to provide operations that will be equal to or better than pre-project levels. Although an all-way stop control would improve vehicle delays experienced at this location, the AM peak hour of operation for the overall intersection would continue to be at LOS F. A traffic signal would improve vehicle delays to LOS D operations under 2020 project conditions assuming existing lane configurations are maintained. It should be noted that roadway improvements when warranted are proposed by the County of Maui Department of Public Works through the County of Maui's Capital Improvement Program after review of updated traffic impact reports. It is understood that funding has been requested in the Fiscal Year 2021 Capital Improvement Budget to study this intersection in order to come up with the best course of action.

Drainage

91.     A-MEHR, Inc., prepared a report entitled *Preliminary Engineering Report for Central Maui Landfill Facilities Project* dated July 2017. This report addressed the drainage requirements of the CML Facilities Project.

92.     The CML Facilities Project Area is located within Zone "X," an area of minimal flood hazard that is determined to be outside the Special Flood Hazard Area and higher than the elevation of the 0.2-percent-annual-chance (or 500-year) flood.

93.     The CML Facilities Project Area is adjacent to the existing CML along Pūlehu Road. There are no drainage improvements on the site. The highest elevation on the site is located at the southeast corner of the site at elevation 270 above mean sea level. Stormwater runoff sheet flows in a northwest, north, and northeast

Docket No. SP97-390/County of Maui Department of Environmental Management                    31
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

direction into the surrounding agricultural lands. Drainage on the site is mostly shallow-channel type.

94.    The existing runoff at the CML Facilities Project Area is estimated as 46.7 cubic feet per second ("cfs"). Under developed conditions, the post-development runoff is estimated to be 130.7 cfs, an increase of 84 cfs.

95.    Runoff is proposed to be collected in the perimeter asphaltic concrete ("AC") paved road drainage ditches with adjacent AC berms and discharged into two proposed infiltration basins. Infiltration Basin "A" is located in the west drainage area and infiltration Basin "B" is located in the north drainage area. Infiltration Basins "A" and "B" have net storage capacity of approximately 11,600 and 15,000 cubic yards ("cy"), or approximately 7.2 and 9.4 acre-foot, respectively. Stormwater collected in the basins will discharge primarily by infiltration through the fractured bedrock in which these basins are constructed.

96.    Within the west drainage area, the CML Facilities Project Area next to Pūlehu Road is graded to drain towards the north/northeast to the AC drainage ditch and berm adjacent to the internal access road next to the property line of the site. The AC drainage ditch will collect surface runoff and flow northeast to an open top concrete culvert crossing under the access road and discharge into infiltration Basin "A." The concrete culvert will have a traffic-rated cattle crossing-style grate, matching the

Docket No. SP97-390/County of Maui Department of Environmental Management          32
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

adjacent road grade, which will bridge over the open top culvert. Infiltration Basin "A" will include an emergency spillway approximately 400 feet long along the north side in case design peak flows are exceeded. A rip rap revetment will provide erosion control over the outer slope of its emergency spillway.

97.    Within the north drainage area, the CML Facilities Project Area abutting the northern property line of the CML is graded to the northeast. Stormwater will sheet flow over the surfaced operational areas to the graded inlet of Infiltration Basin "B." Drainage features, such as curbs and contoured pavement, will be added to this area during final design of the roads and paved operational areas to further guide stormwater flow to the basin inlet. Infiltration Basin "B" is proposed to be connected to the adjacent existing 11,000 cy CML Phase IV stormwater basin. If design capacity is exceeded in the event of a major storm event, overflow of the combined basin will be conveyed into the adjacent Kalianui Gulch from the existing Phase IV basin spillway.

Wastewater

98.    A-MEHR, Inc., prepared a report entitled *Preliminary Engineering Report for Central Maui Landfill Facilities Project* dated July 2017. This report addressed the wastewater requirements of the CML Facilities Project.

99.    The administration building, breakroom trailer, and scale house are currently serviced by an individual wastewater system ("IWS") consisting of a septic

Docket No. SP97-390/County of Maui Department of Environmental Management                    33
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

tank and leach field. The proposed facilities will also be serviced by new IWS units in accordance with the State of Hawai`i Department of Health standards and be located at least 1,000 feet from the domestic water well and at least 50 feet from any surface body of water than includes the two reservoirs one mile north of the CML Facilities Project Area.

100.    The septic system for the office, consisting of a septic tank, distributor box, and leach field, will be sized to accommodate the Household Hazardous Waste and Electronic Waste Collection and Storage Area and the Metal Processing Area structures. This septic system will be offset at least 50 feet from the new infiltration Basin "A."

101.    The refuse collection office, truck parking, and maintenance area will also be served by an IWS consisting of a septic tank, distributor box, and leach field and offset a minimum of 50 feet from the new infiltration Basin "B," located to the east of the CML Facilities Project Area.

102.    Each IWS will utilize the largest septic tank size permitted, 1,250 gallons, to accommodate the estimated load of 1,100 gallons per day ("gpd"). Based on the percolation rate observed at the CML, the leach field for each IWS will be at least 1,913 square feet with dimensions of 65 feet by 30 feet.

Water

Docket No. SP97-390/County of Maui Department of Environmental Management                34
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

103.    A-MEHR, Inc., prepared a report entitled *Preliminary Engineering Report for Central Maui Landfill Facilities Project* dated July 2017.  This report addressed the water requirements of the CML Facilities Project.

104.    The water source for the CML Facilities Project Area is the Pā`ia Aquifer.

105.    There is no County water service to the CML Facilities Project Area.  However, there is an onsite production well at the site that supplies water to tanker trucks for use in dust control at the CML.

106.    There is an existing 100,000-gallon water tank at the CML that provides domestic water to the administration building, breakroom trailer, and scale house bathroom as well as for fire protection purposes.  Water is hauled to the site from an offsite source.

107.    The Applicant proposes to interconnect the existing tank and the existing onsite well (State Well No. 5125-07) to eliminate the need to truck water.  The onsite well is capable of supplying up to 145,000 gpd.  The well has the capacity to provide for the average daily water demand for the CML of approximately 21,500 gpd.  The remaining capacity from the well is approximately 123,5000 gpd and will be able to accommodate the proposed expansion facilities.

Docket No. SP97-390/County of Maui Department of Environmental Management                35
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

108. Based on the County of Maui Department of Water Supply ("DWS") water system standards (2002), it is estimated that the improvements will require approximately 117,000 gpd, which will result in an average total domestic daily water demand of approximately 138,500 gpd, which is within the 145,000-gpd capacity of the existing onsite well. This average daily demand translates into a peak daily domestic demand of 176,000 gpd. The increase in water demand is predicated on a full buildout of all facilities with fire protection and uses the DWS system standards for domestic flow and light industrial land use area. The bulk of this predicted water use increase is based upon the use of the standard of 6,000 gallons per acre per day, which equates to 115,000 gpd. The DWS found that based on its standards, the total water demand is estimated to be 123,000 gpd, which can be accommodated by the excess capacity from the existing onsite well.

109. On a weekly basis, well production capacity of 145,000 gpd equates to 1,015,000 gallons per week. The CML operates six days per week (Monday through Saturday). Therefore, the average weekly water use will be approximately 831,000 gallons. On a weekly basis, the well production capacity will exceed the projected water use by approximately 184,000 gallons.

Docket No. SP97-390/County of Maui Department of Environmental Management    36
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

110.    The total fire flow requirement for the CML is approximately 270,000 gpd.  The total water demand (maximum daily demand and fire flow) is approximately 446,000 gpd.

111.    To accommodate the estimate water needs for the proposed improvements in the CML Facilities Project Area, the required reservoir (tank) capacity (100 percent full) is 595,000 gallons.  As such, the required water tank will have a capacity of 0.6 million gallons.  A new 0.6 million-gallon water tank will be located adjacent to and connected to a pump from the existing well, which will provide adequate pressure for domestic use and fire flow.  A distribution network consisting of 8-inch main lines, 6-inch fire hydrant laterals, and 2-inch laterals to the structures is planned for the CML Facilities Project.

112.    The DWS recommended that its standard BMPs to protect ground and surface water sources and indoor and outdoor conservation measures be implemented within the CML Facilities Project.  The Applicant intends to follow these recommendations.

Solid Waste

113.    The Applicant's Amendment Request will implement the objectives of the Integrated Solid Waste Management Plan ("ISWMP").  The CML Facilities Project

Docket No. SP97-390/County of Maui Department of Environmental Management          37
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

will include solid waste management facilities to implement the Applicant's goal to reduce the steam of solid waste into the landfill in order to extend its capacity.

Recreational Facilities

114.    Shoreline activities, such as fishing, surfing, jogging, camping, picnicking, snorkeling, swimming, and windsurfing, are available in the Kahului region.

115.    There are several public park facilities in the Kahului region, including Ke'opuolani Park, Kanahā Beach Park, and the War Memorial Complex as well as other smaller parks.

116.    No significant adverse impacts on recreational facilities in the Kahului region are anticipated as a result of the Applicant's Fourth Amendment Request.

Schools

117.    The State of Hawai'i Department of Education operates several schools in the Kahului region.  There are three elementary schools (Kahului, Lihikai, and Pōmaika'i), one intermediate school (Maui Waena), and one high school. (Maui High).

118.     The University of Hawai`i-Maui College is the primary higher educational institution serving the County of Maui, with its main campus located in Kahului.

119.     The Applicant's Fourth Amendment Request does not place additional demands upon the educational facilities in the Kahului region.

Police and Fire Protection

120.     The CML Facilities Project Area is within the Maui Police Department's ("MPD") service area, the headquarters for which are located in Wailuku. The MPD consists of several patrol, investigative, and administrative divisions. The Applicant's Amendment Request is not anticipated to adversely impact police services.

121.     The CML Facilities Project Area is served by the Kahului Fire Station located on Dairy Road. The County of Maui Department of Fire and Public Safety ("DFPS") confirmed that fire apparatus access appeared to be provided, and that water supply for fire protection has been identified. The DFPS requested the opportunity to review the installation of the fire flow system in more detail to ensure that the design provides for the CML Facilities Project and the existing CML operations. The Applicant intends to forward the construction plans for the CML Facilities Project, including the fire protection system, to the DFPS for review as part of the building permit application process.

Docket No. SP97-390/County of Maui Department of Environmental Management                39
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

## Medical Services

122.     The only major medical facility on the island is Maui Memorial Medical Center, which is located in Kahului, approximately seven miles northwest of the CML Facilities Project Area.  The 231-bed licensed facility provides general, acute, and emergency care services.  Clinics and offices throughout the Kahului area offer medical services on a lesser scale.

123.     The Applicant's Fourth Amendment Request is not expected to adversely impact the existing medical facilities and services.

## Emergency Management

124.     There are no civil defense warning sirens at the CML Facilities Project Area.  During a civil defense emergency, communication is maintained between the site and the Applicant's main office in Wailuku as well as in the County of Maui Emergency Management Office by telephone (land line and cell phone), email correspondence, radio, and news releases on radio.  Should an emergency occur either rat the landfill or externally, these communication channels will be utilized to inform employees and users of the emergency.

## Telephone and Electrical Services

125.     Overhead telephone and electrical service to the CML Facilities Project Area is provide by Hawaiian Telephone Company and Maui Electric Company

Docket No. SP97-390/County of Maui Department of Environmental Management                    40
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

("MECO"), respectively. An existing electrical easement in favor of MECO traverses the site parallel to Pūlehu Road and has been accommodated within the site plan.

126.    No adverse impacts to these existing services are anticipated as a result of the Applicant's Fourth Amendment Request.

IMPORTANT AGRICULTURAL LANDS ANALYSIS

127.    The Applicant's Fourth Amendment Request was referred to the DOA and OP for review and comment and their comments and recommendations were included as part of the record in accordance with HRS § 205-50(b).

128.    The approximately 22 acres of land within the CML Facilities Project Area that are designated as IAL are not critical for diversified agriculture based on the amount of similarly designated land in the area and the State as a whole that became available with the demise of sugarcane production.

129.    As it represents just 0.08 percent of the 27,102 acres of IAL designated lands on Maui, the CML Facilities Project will not curtail future agricultural use of the surrounding lands. This has been demonstrated by the compatibility of the existing landfill operations with agricultural uses since the landfill's establishment in 1987. The approximately 22 acres of IAL within the CML Facilities Project Area do not share infrastructure, processing, marketing, or other production-related costs or facilities with the surrounding vacant agricultural lands.

Docket No. SP97-390/County of Maui Department of Environmental Management                    41
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

130.　The CML Facilities Project Area, including the 22 acres, is contiguous to other industrial-type uses consisting of the existing landfill and HC&D quarry and is not expected to cause the fragmentation or intrusion of non-agricultural uses into largely intact areas of land identified as IAL.

131.　The CML Facilities Project will benefit the public by diverting waste from the landfill consistent with the ISWMP and the sustainability goals of the State and further improve the efficiency of the Applicant's solid waste operations through consolidation of its facilities to a central location adjacent to the existing landfill.

132.　As the CML has constructed infrastructure for its facilities and operation, including an independent wastewater system, a well to provide non-drinking water to the site with domestic water trucked in, and drainage improvements to handle stormwater runoff, the CML Facilities Project is not anticipated to be dependent on the surrounding agricultural and non-agricultural uses nor adversely affect the ability or capacity of state and county agencies to provide and support additional agricultural infrastructure or services in the area.

133.　Within one year of approval of this Fourth Amendment, the County will identify County-owned agricultural property of similar land properties and

Docket No. SP97-390/County of Maui Department of Environmental Management　　　　42
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

equivalent acreage on Maui and submit a request to have it designated as IAL to compensate for the loss of the 22 acres of IAL associated with the CML Facilities Project.

134.    The Applicant will submit a declaratory ruling petition with the LUC to withdraw the 22 acres of IAL from the IAL designation within one year of the LUC's Decision and Order for the Applicant's Fourth Amendment Request.

135.    The Applicant will commence the process to seek a district boundary amendment with the LUC for the approximately 22 acres of IAL within five years of the LUC's Decision and Order for the Applicant's Fourth Amendment Request.

136.    Upon restoration of closed phases of the CML and where safe and practicable to do so and if still designated as agriculture at that time, the County will seek to make such lands available for future appropriate agriculture use in accordance with applicable state and federal guidelines and requirements.

CONFORMANCE WITH THE COASTAL ZONE MANAGEMENT PROGRAM

137.    The CML Facilities Project generally conforms to the applicable objectives, policies, and guidelines of the Coastal Zone Management program under HRS chapter 205A.

CONFORMANCE WITH THE SPECIAL PERMIT GUIDELINES

138.    The CML Facilities Project generally meets the Special Permit guidelines provided in HAR § 15-15-95(c) as follows:

Docket No. SP97-390/County of Maui Department of Environmental Management            43
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

<u>The use shall not be contrary to the objectives sought to be accomplished
by HRS chapters 205 and 205A and the rules of the LUC</u>.

The CML Facilities Project will increase the County's integrated solid
waste management and recycling/diversion facilities, which will serve the
public welfare by reducing the amount of waste entering the landfill. The
majority of the CML Facilities Project Area is contained within the MIP's
designation of the Urban Growth Boundary of the Directed Growth Maps.
The CML Facilities Project will support the government operations of the
Applicant, which serves the community, and is not contrary to HRS
chapters 205 and 205A, and the rules of the LUC.

The CML Facilities Project Area is located inland and is a substantial
distance away from the shoreline. As such, the CML Facilities Project is
not expected to adversely affect coastal zone resources or access to the
shoreline.

Within one year of approval of this Fourth Amendment, the County will
identify County-owned agricultural property of similar land properties
and equivalent acreage on Maui and submit a request to have it
designated as IAL to compensate for the loss of the 22 acres of IAL
associated with the CML Facilities Project.

Upon restoration of closed phases of the CML and where safe and
practicable to do so and if still designated as agriculture at that time, the
County will seek to make such lands available for future appropriate
agriculture use in accordance with applicable state and federal guidelines
and requirements.

<u>The proposed use would not adversely affect surrounding property</u>.

The CML Facilities Project is proposed to occur on the north side of
Pūlehu Road and is surrounded by former sugarcane fields previously
cultivated by HC&S. Since HC&S ceased sugarcane operations at the end
of 2016, its former sugarcane fields are now fallow. However, the
surrounding agricultural lands are expected to continue to be used for
diversified agriculture. The landfill and quarry operations have co-existed
within the former agricultural uses and are expected to continue to do so
in the future.

Docket No. SP97-390/County of Maui Department of Environmental Management                    44
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

Other industrial-type uses are located adjacent to the CML, including the HC&D quarry. There are no residential or commercial uses in the area. The CML Facilities Project is not anticipated to adversely affect agricultural uses that may occur on neighboring lands in the future.

<u>The proposed use would not unreasonably burden public agencies to provide roads and streets, sewers, water, drainage, and school improvements, and police and fire protection.</u>

Access to the CML Facilities Project Area is from Pūlehu Road. Access to the site will be provided through a new driveway entrance from Pūlehu Road. Although the CML is not served by a public or private water service, domestic water is hauled to the site and stored in a 100,000-gallon tank. There is sufficient source capacity from an existing onsite production well that is available to provide domestic and fire protection service. Water infrastructure upgrades will also require a new water storage tank.

The existing administration building, breakroom trailer, and scale house at the landfill are served by an individual wastewater treatment system. Wastewater infrastructure upgrades will be implemented to accommodate the increased demand from the new facilities. Telephone and electrical services are available to the CML Facilities Project Area.

As the CML Facilities Project is intended to support the operations of the Applicant, it will not burden public services, such as education and police and fire protection services.

<u>Unusual conditions, trends, and needs have arisen since the district boundaries and rules were established.</u>

The CML was established at the Pūlehu Road site because the existing HC&D quarry operations left an excavated hole, which provided an appropriate space for landfill operations. Since 1987, as the quarry operations continued, the CML operation expanded into the excavated areas. The proposed uses and improvements are ancillary to the existing landfill operations, and their purpose is to reduce the waste stream entering the CML. As such, it is appropriate for the new uses and facilities to be located adjacent to the existing landfill operations. These

Docket No. SP97-390/County of Maui Department of Environmental Management                    45
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

facilities will allow the Applicant to meet the objectives of the County's
ISWMP and will be located in an area designed for urban-type uses in the
MIP Directed Growth Map.

<u>The land upon which the proposed use is sought is unsuited for the uses
permitted within the district</u>.

Although the CML Facilities Project Area is suited for agricultural uses,
the site represents a small portion of the total 235,280 acres of
agriculturally designated lands on Maui. The site constitutes less than
0.02 percent of the total approximately 27,102 acres of former A&B lands
that are now available for other agricultural uses, such as diversified
agriculture.

The CML Facilities Project will provide the Applicant with a location that
allows development and growth of its facilities to meet current objectives.
The MIP includes a majority of the area, including the CML, in the Urban
Growth Boundary, recognizing the future land use needs of the CML.

The Applicant will submit a declaratory ruling petition with the LUC to
withdraw the 22 acres of IAL from the IAL designation within one year of
the LUC's Decision and Order for the Applicant's Fourth Amendment
Request.

The Applicant will commence the process to seek a district boundary
amendment with the LUC for the approximately 22 acres of IAL within
five years of the LUC's Decision and Order for the Applicant's Fourth
Amendment Request.

## RULINGS ON PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Any of the proposed findings of fact submitted by any party not already

ruled upon by the LUC by adoption, or rejected by clearly contrary findings of fact, are

hereby denied and rejected.

Docket No. SP97-390/County of Maui Department of Environmental Management          46
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

Any conclusion of law herein improperly designated as a finding of fact should be deemed or construed as a conclusion of law; any finding of fact herein improperly designated as a conclusion of law should be deemed or construed as a finding of fact.

## CONCLUSIONS OF LAW

1. Subject to HRS § 205-6, the county planning commission may permit certain unusual and reasonable uses within agricultural and rural districts other than those for which the district is classified. *See* HRS § 205-6(a).

2. The CML Facilities Project requires a special permit for its operations.

3. Pursuant to HRS § 205-6(d), special permits for land the area of which is greater than fifteen shall be subject to approval by the LUC.

4. Pursuant to HAR § 15-15-95(b), special permits for areas greater than fifteen acres require approval of both the county planning commission and the LUC.

5. Because the Applicant's Fourth Amendment Request seek a special permit for land the area of which is greater than fifteen acres, the LUC has jurisdiction over this matter pursuant to HRS § 205-6 and HAR § 15-15-95.

Docket No. SP97-390/County of Maui Department of Environmental Management                47
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

6. Pursuant to HAR § 15-15-95(c), the following guidelines have been established for purposes of determining whether a proposed use is "unusual and reasonable:"

    (a) The use shall not be contrary to the objectives sought to be accomplished by chapters 205 and 205A, HRS, and the rules of the LUC.

    (b) The proposed use would not adversely affect surrounding property.

    (c) The proposed use would not unreasonably burden public agencies to provide roads and streets, sewers, water, drainage, and school improvements, and police and fire protection.

    (d) Unusual conditions, trends, and needs have arisen since the district boundaries and rules were established.

    (e) The land upon which the proposed use is sought is unsuited for the uses permitted within the district.

7. Based upon the record and files herein and the findings set forth above, and pursuant to HRS § 205-6 and HAR § 15-15-95, the LUC concludes that the CML Facilities Project is an "unusual and reasonable use" within the State Land Use Agricultural District.

8. Within forty-five days after receipt of the complete record from the county planning commission, the LUC shall act to approve, approve with modification, or deny the petition. *See* HRS § 205-6(e).

Docket No. SP97-390/County of Maui Department of Environmental Management    48
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

9. The LUC may impose additional restrictions as may be necessary or appropriate in granting the approval, including the adherence to representations made by the Applicant. *See* HRS § 205-6(d).

10. The LUC is authorized to impose restrictive conditions in its approval of special permits provided its decision to impose such a restriction is supported by substantial evidence in the record. *Dept. of Environmental Services v. Land Use Comm'n*, 127 Hawai`i at 13, 275 P.3d at 817.

11. Article XII, section 7, of the Hawai`i State Constitution requires the LUC to protect Native Hawaiian traditional and customary rights. The State reaffirms and shall protect all rights, customarily and traditionally exercised for subsistence, cultural, and religious purposes and possessed by ahupua`a tenants who are descendants of Native Hawaiians who inhabited the Hawaiian Islands prior to 1778, subject to the right of the State to regulate such rights.

12. The State and its agencies are obligated to protect the reasonable exercise of customarily and traditionally exercised Native Hawaiian rights to the extent feasible. *Public Access Shoreline Hawai`i v. Hawai`i County Planning Commission*, 79 Hawai`i 425, 903, P.2d 1246, *certiorari denied*, 517 U.S. 1163, 116 S.Ct. 1559, 134 L.Ed.2d 660 (1996).

Docket No. SP97-390/County of Maui Department of Environmental Management    49
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

13.     The LUC is obligated to protect valued cultural, historical, and

natural resources, including customary and traditional rights of Native Hawaiians. *Ka*

*Pa`akai O Ka `Aina v. Land Use Commission*, 94 Hawai`i 31, 7 P.3d 1068 (2000).

14.     Based upon the record and files herein and the findings set forth

above, the LUC concludes that there is substantial evidence in the record to support the

conditions imposed below.

15.     Based upon the record and files herein and the findings set forth

above, the LUC further concludes that the conditions imposed below are necessary or

appropriate to protect public health, safety, and welfare, and are material to the LUC's

approval.

16.     Based upon the record and files herein and the findings set forth

below, the LUC further concludes that the conditions imposed below are necessary or

appropriate in granting the approval, including but not limited to, ensuring the

adherence to representations made by the Applicant.

17.     Based upon the record and files herein and the findings set forth

above, the LUC further concludes that: (i) there are no known impacts of the CML

Facilities Project on archaeological, cultural, or historical resources, apart from the

potential for finding iwi kupuna during construction activities.  Any such discovery

would result in cessation of construction activity, consultation, and notification to the

Docket No. SP97-390/County of Maui Department of Environmental Management                    50
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

appropriate parties pursuant to existing law; (ii) there are no known impacts of the CML Facilities Project on traditional and customary Native Hawaiian rights; (iii) the impacts of the CML Project on agricultural resources, including the loss of 22 acres of IAL, are not significant given the limited size of the agricultural area affected and the mitigation measures agreed to by the Applicant; (iv) there are no federally listed endangered or threatened species on the CML Facilities Project Area, apart from five possible listed species that may be found in the vicinity of (but not within) the CML Facilities Project Area; (v) there are no significant long-term adverse impacts anticipated from hazardous materials or upon water quality, climate, views, or open space resources; and (vi) the limited impacts of the CML Facilities Project arising from odors, noise, stormwater, or marginal increases in emissions are not significant given the mitigation measures agreed to by the Applicant, and based upon a balancing of the adverse impacts with the benefits of increased recycling capacity associated with the CML Facilities Project.

18. The LUC further concludes that pursuant to HRS § 205-50(d)(1) and (2) the public benefit of Applicant's Fourth Amendment Request outweighs the benefits of retaining the existing Special Permit Area and the CML Facilities Project Area for agricultural purposes, and that the proposed action will have no significant impact upon the viability of agricultural operations on adjacent agricultural lands.

Docket No. SP97-390/County of Maui Department of Environmental Management          51
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

<u>DECISION AND ORDER</u>

The LUC, having duly considered the complete record in this matter and the oral arguments presented by the Applicant, OP, and the DP in this proceeding, and an amended motion having been duly made and seconded at a meeting conducted on July 8 and 9, 2020, through the Zoom Webinar Virtual Meeting platform, and the amended motion having received the affirmative votes required by HAR § 15-15-13, and there being good cause for the amended motion,

HEREBY ORDERS that the Applicant's Fourth Amendment Request to amend the State Special Permit to (1) extend the time for the existing Special Permit to October 31, 2028; (2) delete approximately 16.841 acres of land identified as TMK: (2) 3-8-003: por. 20, from the Special Permit; and (3) include approximately 39.573 acres of land, identified as TMK: (2) 3-8-003: por. 19, within the Special Permit for the development of the recycling and diversion facilities, as approximately shown on Exhibit "A" attached hereto and incorporated by reference herein, shall be and is hereby APPROVED, subject to the following conditions to replace all other conditions previously imposed in this docket by the Decision and Order Approving an Amendment to a Special Use Permit filed May 13, 2002, as further amended by Decision and Order Approving a Second Amendment to a Special Use Permit filed December 14,

Docket No. SP97-390/County of Maui Department of Environmental Management      52
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

2004, and by Decision and Order Approving a Third Amendment to the Land Use

Commission's Special Use Permit filed March 23, 2009:

        1.      That the State Land Use Commission Special Permit shall be valid

until October 31, 2028, subject to further time extensions by the Land Use Commission

upon a timely request for extension filed at least 120 days prior to its expiration. The

appropriate Commission shall make a recommendation to the Land Use Commission

and may require a public hearing on the time extension.

        2.      That the conditions of this State Land Use Commission Special

Permit shall be enforced pursuant to Sections 205-12 and 205-13, Hawai`i Revised

Statutes. Failure to comply with one or more of the conditions herein shall result in a

notice of violation issued by the appropriate enforcement agency, notifying the permit

holder of the violation and providing the permit holder no more than sixty (60) days to

cure the violation. If the permit holder fails to cure the violation within sixty (60) days

of said notice, the appropriate enforcement agency shall issue an order which may

require one or more of the following: that the violative activity cease; that the violative

development be removed; that a civil fine be paid not to exceed ONE THOUSAND

AND NO/100 DOLLARS ($1,000.00) per violation; that a civil fine not to exceed FIVE

THOUSAND AND NO/100 DOLLARS ($5,000.00) shall be issued if violation not cured

within six months of the issuance of the order. The order shall become final thirty (30)

Docket No. SP97-390/County of Maui Department of Environmental Management      53
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

days after the date of its mailing or hand-delivery unless written request for a hearing is mailed or delivered to the Planning Department within said thirty (30) days. Upon receipt of a request for a hearing, the Planning Department shall specify a time and place for the permit holder to appear and be heard. The hearing shall be conducted by the Planning Director or the Director's designee in accordance with the provisions of Chapter 91, HRS, as amended.

3. That the subject State Land Use Commission Special Permit shall not be transferred without the prior written approval of the Land Use Commission. The appropriate Planning Commission shall make a recommendation to the Land Use Commission. However, in the event that a contested case hearing preceded issuance of said State Land Use Commission Special Permit, a public hearing shall be held by the appropriate Planning Commission upon due published notice, including actual written notice to the last known addresses of parties to said contested case and their counsel.

4. That full compliance with all applicable governmental requirements shall be rendered.

5. That the Applicant shall develop the Property in substantial compliance with the representations made to the Land Use Commission in obtaining the State Land Use Commission Special Permit. Failure to so develop the Property may result in the revocation of the permit.

Docket No. SP97-390/County of Maui Department of Environmental Management                54
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

6. That the Applicant shall take appropriate mitigative measures to minimize erosion, and prevent cement products, oil, fuel, and other toxic substances associated with the use of heavy machinery from spilling or leaching into the ground.

7. That the Applicant shall comply with Department of Health Ambient Air Quality Standards, Hawai`i Administrative Rules, Title 11, Chapter 59 and Air Pollution Control, HAR 11-60.

8. That the Applicant shall comply with the EPA's New Source Performance Standards.

9. That the Applicant shall immediately stop work and contact the State Historic Preservation Division, Department of Land and Natural Resources and the Applicant's cultural specialist should any previously unidentified archaeological resources such as artifacts, shell, bone, charcoal deposits, human burial, rock or coral alignments, pavings or wall be encountered during development of the Special Permit area.

10. That provisions shall be enacted to ensure emergency access to the sanitary landfill in case of fire or any other disaster.

11. That the Applicant shall timely provide without any prior notice, annual reports to the Land Use Commission and the County of Maui Planning Department in connection with the status of the subject project and Applicant's

Docket No. SP97-390/County of Maui Department of Environmental Management
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

progress in complying with the conditions imposed herein. The annual report shall also include the capacity remaining in the landfill at the time of submission of the annual report. The annual report shall be submitted in a form prescribed by the Executive Officer of the Land Use Commission.

12.     That the Applicant use non-drinking water, to the extent possible, for grading, dust control, and irrigation of the landfill.

13.     That the Applicant shall reasonably ensure that windblown debris around the perimeter of the landfill, particularly within areas visible from the public right-of-way, are removed on a daily basis.

14.     That full compliance with the requirements of the State's Department of Health for sanitary landfill operation shall be rendered.

15.     That the Applicant shall file a metes and bounds map and description of the new approximately 96-acre project area with the Land Use Commission and Maui Planning Commission.

16.     That to the extent practicable, leachate generated at the landfill shall be returned to the landfill.

17.     That the County of Maui shall review implementation of improvements at the Pūlehu Road/Hansen Road intersection as outlined in a Traffic Impact Analysis Report when warranted by the Department of Public Works.

Docket No. SP97-390/County of Maui Department of Environmental Management                    56
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

18. That to minimize impacts on animal species, the Applicant shall implement the following and if applicable consult with the U.S. Fish and Wildlife Service as deemed appropriate for further input on measures to avoid such impacts:

Hawaiian hoary bat: Woody plants greater than 15 feet tall should not be removed or trimmed during the Hawaiian hoary bat breeding season (June 1 to September 15). Additionally, barbed wire should not be used for fencing as part of the proposed action.

Blackburn's sphinx moth: A qualified biologist should survey areas of proposed construction activities for Blackburn's sphinx moth and its host plants prior to initiation during the wettest portion of the year (usually November to April or several weeks after a significant rain) and immediately prior to construction. Any host plants with eggs, larvae and signs of larvae feeding should not be cut or disturbed.

Hawaiian waterbirds and Hawaiian goose: To minimize adverse impacts such as predation and reduced reproductive success, the project should occur outside of the Hawaiian stilt breeding season (February through August). If the breeding period cannot be avoided, consultation with USFWS is recommended to develop measures to avoid impacts to listed species.

19. Within one year of approval of this Fourth Amendment, the County shall identify County-owned agricultural property of similar land properties and equivalent acreage on Maui and submit a request to have it designated as IAL to compensate for the loss of the 22 acres of IAL associated with the CML Facilities Project.

20. Upon restoration of closed phases of the CML and where safe and practicable to do so and if still designated as agriculture at that time, the County shall

Docket No. SP97-390/County of Maui Department of Environmental Management                    57
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

seek to make such lands available for future appropriate agriculture use in accordance with applicable state and federal guidelines and requirements.

21.     That the Applicant shall submit a petition for Declaratory Ruling to the LUC to withdraw the 22 acres of IAL from the IAL designation within one year of the LUC's Decision and Order for the Applicant's Fourth Amendment Request.

22.     That the Applicant shall instruct the construction employees during the pre-construction meeting or similar circumstance of the possibility of discovering funerary objects and burials during construction. Further, should burials be found, the Applicant shall consult with the SHPD and cultural and lineal descendants of the area to develop a reinternment plan and cultural preservation plan for proper cultural protocol, curation, and long-term maintenance.

23.     That the Applicant shall commence the process to seek a district boundary amendment with the LUC for the approximately 22 acres of IAL within five years of the LUC's Decision and Order for the Applicant's Fourth Amendment Request.

Docket No. SP97-390/County of Maui Department of Environmental Management          58
Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the
Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the
Land Use Commission Special Permit

## ADOPTION OF ORDER

This ORDER shall take effect upon the date this ORDER is certified by this Commission.

Done at Honolulu, Hawai'i, this __13th.__, day of August, 2020, per motion on _____ August 12, 2020 _____.

LAND USE COMMISSION

APPROVED AS TO FORM                    STATE OF HAWAI'I

_____

Deputy Attorney General

By_____

JONATHAN LIKEKE SCHEUER

Chairperson and Commissioner

Filed and effective on:

__August__ _13_ __2020__

Certified by:

_____

DANIEL ORODENKER

Executive Officer



BEFORE THE LAND USE COMMISSION

OF THE STATE OF HAWAI'I

| | |
|---|---|
| In The Matter Of The Application Of The ) | DOCKET NO. SP97-390 |
| ) | |
| COUNTY OF MAUI DEPARTMENT OF ) | |
| ENVIRONMENTAL MANAGEMENT ) | |
| ) | CERTIFICATE OF SERVICE |
| To Obtain A Fourth Amendment To ) | |
| Land Use Commission Special Permit To ) | |
| (1) Extend The Time For The Special ) | |
| Permit To October 31, 2028, For The ) | |
| Central Maui Landfill; (2) Delete ) | |
| Approximately 16.841 Acres Of Land ) | |
| From The Special Permit; And (3) Include ) | |
| Approximately 39.573 Acres Of Land ) | |
| Within The Special Permit For The ) | |
| Development Of Recycling And ) | |
| Diversion Facilities ) | |
| ------------------------------------------------------- ) | |
| ) | |

CERTIFICATE OF SERVICE

I hereby certify that a copy of <u>FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION AND ORDER APPROVING WITH MODIFICATIONS THE RECOMMENDATION OF THE COUNTY OF MAUI PLANNING COMMISSION TO APPROVE A FOURTH AMENDMENT TO THE LAND USE COMMISSION SPECIAL PERMIT ; EXHIBIT "A"</u> was served upon the following by either hand delivery or depositing the same in the U. S. Postal Service by regular or certified mail as noted:

DEL.        MARY ALICE EVANS, Director
Office of Planning
P. O. Box 2359
Honolulu, Hawaii 96804-2359

DEL.        DAWN TAKEUCHI-APUNA, Esq.
Deputy Attorney General
Hale Auhau, Third Floor
425 Queen Street
Honolulu, Hawaii 96813

REGULAR  Mr. Mike Munekiyo
MAIL:      Munekiyo & Hiraga, Inc.
395 High Street, Suite 104
Wailuku, Hawai`i 96793

REGULAR  ERIC NAKAGAWA, Director
MAIL:      County of Maui
Department of Environmental Management
200 South High Street, Room 322
Wailuku, Hawaii 96793

CERTIFIED  Mr. Michael Hopper Esq.,
MAIL:      County of Maui
Department of Environmental Management
200 South High Street, Room 322
Wailuku, Hawaii 96793


Honolulu, Hawaii, ___8/13/2020___.


DANIEL ORODENKER
Executive Officer



Exhibit "A"



LAND USE COMMISSION
STATE OF HAWAI'I

2020 OCT 27 P 2: 33

BEFORE THE LAND USE COMMISSION

OF THE STATE OF HAWAI'I

| | |
|---|---|
| In The Matter Of The Application Of The | ) DOCKET NO. SP97-390 |
| | ) ORDER GRANTING LAND USE |
| COUNTY OF MAUI DEPARTMENT OF | ) COMMISSION STAFF'S REQUEST TO ISSUE |
| ENVIRONMENTAL MANAGEMENT | ) AN ERRATA TO THE FINDINGS OF FACT, |
| | ) CONCLUSIONS OF LAW, AND DECISION |
| To Obtain A Fourth Amendment To Land Use | ) AND ORDER APPROVING WITH |
| Commission Special Permit To (1) Extend The | ) MODIFICATIONS THE |
| Time For The Special Permit To October 31, 2028, | ) RECOMMENDATION OF THE COUNTY OF |
| For The Central Maui Landfill; (2) Delete | ) MAUI PLANNING COMMISSION TO |
| Approximately 16.841 Acres Of Land From The | ) APPROVE A FOURTH AMENDMENT TO |
| Special Permit; And (3) Include Approximately | ) THE LAND USE COMMISSION SPECIAL |
| 39.573 Acres Of Land Within The Special Permit | ) PERMIT; AND CERTIFICATE OF SERVICE |
| For The Development Of Recycling And | ) |
| Diversion Facilities | ) |
| | ) |
| ------------------------------------------------------- | ) |

<u>ORDER GRANTING LAND USE COMMISSION STAFF'S REQUEST TO ISSUE AN ERRATA TO THE
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION AND ORDER APPROVING WITH
MODIFICATIONS THE RECOMMENDATION OF THE COUNTY OF MAUI PLANNING
COMMISSION TO APPROVE A FOURTH AMENDMENT TO THE LAND USE COMMISSION
SPECIAL PERMIT</u>

<u>AND</u>

<u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY THAT THIS IS A TRUE AND CORRECT
COPY OF THE DOCUMENT ON FILE IN THE OFFICE OF THE
STATE LAND USE COMMISSION, HONOLULU, HAWAI'I.
Date _____10/27_/2020_____

BY_____
        DANIEL ORODENKER



2020 OCT 27 P 2:33

BEFORE THE LAND USE COMMISSION

OF THE STATE OF HAWAI'I

| | |
|---|---|
| In The Matter Of The Application Of The   ) | DOCKET NO. SP97-390 |
|   ) | ORDER GRANTING LAND USE |
| COUNTY OF MAUI DEPARTMENT OF   ) | COMMISSION STAFF'S REQUEST |
| ENVIRONMENTAL MANAGEMENT   ) | TO ISSUE AN ERRATA TO THE |
|   ) | FINDINGS OF FACT, |
| To Obtain A Fourth Amendment To   ) | CONCLUSIONS OF LAW, AND |
| Land Use Commission Special Permit To   ) | DECISION AND ORDER |
| (1) Extend The Time For The Special   ) | APPROVING WITH |
| Permit To October 31, 2028, For The   ) | MODIFICATIONS THE |
| Central Maui Landfill; (2) Delete   ) | RECOMMENDATION OF THE |
| Approximately 16.841 Acres Of Land   ) | COUNTY OF MAUI PLANNING |
| From The Special Permit; And (3) Include   ) | COMMISSION TO APPROVE A |
| Approximately 39.573 Acres Of Land   ) | FOURTH AMENDMENT TO THE |
| Within The Special Permit For The   ) | LAND USE COMMISSION SPECIAL |
| Development Of Recycling And   ) | PERMIT; AND CERTIFICATE OF |
| Diversion Facilities   ) | SERVICE |

------------------------------------------------------

<u>ORDER GRANTING LAND USE COMMISSION STAFF'S REQUEST TO ISSUE AN
ERRATA TO THE FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION
AND ORDER APPROVING WITH MODIFICATIONS THE RECOMMENDATION OF
THE COUNTY OF MAUI PLANNING COMMISSION TO APPROVE A FOURTH
AMENDMENT TO THE LAND USE COMMISSION SPECIAL PERMIT</u>

<u>AND</u>

<u>CERTIFICATE OF SERVICE</u>

LAND USE COMMISSION
STATE OF HAWAII

2020 OCT 27 P 2:31



BEFORE THE LAND USE COMMISSION

OF THE STATE OF HAWAIʻI

| | |
|---|---|
| In The Matter Of The Application Of The | ) DOCKET NO. SP97-390 |
| | ) |
| COUNTY OF MAUI DEPARTMENT OF | ) ORDER GRANTING LAND USE |
| ENVIRONMENTAL MANAGEMENT | ) COMMISSION STAFF'S REQUEST |
| | ) TO ISSUE AN ERRATA TO THE |
| To Obtain A Fourth Amendment To | ) FINDINGS OF FACT, |
| Land Use Commission Special Permit To | ) CONCLUSIONS OF LAW, AND |
| (1) Extend The Time For The Special | ) DECISION AND ORDER |
| Permit To October 31, 2028, For The | ) APPROVING WITH |
| Central Maui Landfill; (2) Delete | ) MODIFICATIONS THE |
| Approximately 16.841 Acres Of Land | ) RECOMMENDATION OF THE |
| From The Special Permit; And (3) Include | ) COUNTY OF MAUI PLANNING |
| Approximately 39.573 Acres Of Land | ) COMMISSION TO APPROVE A |
| Within The Special Permit For The | ) FOURTH AMENDMENT TO THE |
| Development Of Recycling And | ) LAND USE COMMISSION SPECIAL |
| Diversion Facilities | ) PERMIT |
| ----------------------------------------------------- | |

<u>ORDER GRANTING LAND USE COMMISSION STAFF'S REQUEST TO ISSUE AN
ERRATA TO THE FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION
AND ORDER APPROVING WITH MODIFICATIONS THE RECOMMENDATION OF
THE COUNTY OF MAUI PLANNING COMMISSION TO APPROVE A FOURTH
AMENDMENT TO THE LAND USE COMMISSION SPECIAL PERMIT</u>

At its meeting on October 8, 2020, using the Zoom Webinar

Docket No. SP97-390/County of Maui Department of Environmental Management                1

Order Granting Land Use Commission Staff's Request to Issue an Errata to the Findings of Fact,
Conclusions of Law, and Decision and Order Approving with Modifications the Recommendation of the
County of Maui Planning Commission to Approve a Fourth Amendment to the Land Use Commission
Special Permit

Virtual Meeting platform, the State of Hawai'i Land Use Commission ("LUC")

considered the request of the LUC staff to issue an errata to the Findings of Fact,

Conclusions of Law, and Decision and Order Approving With Modifications the

Recommendation of the County of Maui Planning Commission to Approve a Fourth

Amendment to the Land Use Commission Special Permit ("Decision and Order") filed

on August 13, 2020, in the subject docket to correct the number of acres subject to

Condition No. 23 and related findings of fact.

Richelle M. Thomson, Esq.; Eric Nakagawa; and Elaine Baker appeared on

behalf of the County of Maui Department of Environmental Management

("Applicant"). Jordan Hart appeared on behalf of the County of Maui Department of

Planning ("DP"). Dawn Apuna, Esq., appeared on behalf of the State of Hawai'i Office

of Planning ("OP").

As part of the LUC staff's request, Executive Officer Daniel E. Orodenker

provided the corrected language of Condition No. 23 and Findings of Fact Nos. 12, 135,

138 of the Decision and Order filed August 13, 2020, as follows (deleted language

stricken; additional language underscored):

Condition No. 23 (p. 58)

23.    That the Applicant shall commence the process to seek a district boundary
       amendment with the LUC for the approximately ~~22 acres of IAL~~ 95.659

Order Granting Land Use Commission Staff's Request to Issue an Errata to the Findings of Fact,
Conclusions of Law, and Decision and Order Approving with Modifications the Recommendation of the
County of Maui Planning Commission to Approve a Fourth Amendment to the Land Use Commission
Special Permit

acres of the total permitted area of the CML within five years of the LUC's
Decision and Order for the Applicant's Fourth Amendment Request.

Finding of Fact No. 12 (pp. 6-7)

12. After additional discussion, the LUC entered into deliberations on the
matter. Thereafter, a motion was made and seconded to approve the
Applicant's Fourth Amendment Request, subject to the 18 conditions
recommended by the Planning Commission and the two conditions
proposed by the Applicant. Amendments to this motion·were
subsequently made and seconded to include (a) an additional condition to
read as follows:

- The Applicant shall commence the process to seek a district
  boundary amendment with the LUC for the approximately ~~22 acres
  of IAL~~ 95.659 acres of the total permitted area of the CML within
  five years of the LUC's Decision and Order for the Applicant's
  Fourth Amendment Request.

and (b) the two conditions recommended by OP. Following discussion, a
vote was taken on this amended motion. There being a vote tally of 5 ayes
and 3 nays, the amended motion passed.[3]

Finding of Fact No. 135 (p. 43)

135. The Applicant will commence the process to seek a district boundary
amendment with the LUC for the approximately ~~22 acres of IAL~~ 95.659
acres of the total permitted area of the CML within five years of the LUC's
Decision and Order for the Applicant's Fourth Amendment Request.

---

[3] There are eight sitting commissioners presently on the LUC. The ninth seat is currently vacant.

Order Granting Land Use Commission Staff's Request to Issue an Errata to the Findings of Fact,
Conclusions of Law, and Decision and Order Approving with Modifications the Recommendation of the
County of Maui Planning Commission to Approve a Fourth Amendment to the Land Use Commission
Special Permit

<u>Finding of Fact No. 138 (p. 46, last paragraph)</u>

138.    The Applicant will commence the process to seek a district boundary amendment with the LUC for the approximately ~~22 acres of IAL~~ 95.659 <u>acres of the total permitted area of the CML</u> within five years of the LUC's Decision and Order for the Applicant's Fourth Amendment Request.

Thereafter, the Applicant, DP, and OP provided comments on the LUC staff's request.[1]

Following discussion, a motion was made and seconded to grant the LUC staff's request to issue an errata to the Decision and Order filed August 13, 2020, and to authorize the LUC Chair to sign this Order on behalf of the LUC. There being a vote tally of 7 ayes, 1 excused, and 0 nays, the motion passed.

ORDER

The LUC, having duly considered the LUC staff's request, the written and oral arguments of the Applicant, DP, and OP in the proceeding, and a motion having been made and seconded at its meeting on October 8, 2020, using the Zoom Webinar Virtual Meeting platform, and the motion having received the affirmative votes required by Hawai'i Administrative Rules § 15-15-13, and there being good cause for the motion,

---

[1] Both OP and the Applicant filed written comments on the LUC's staff request on October 6, 2020, and October 7, 2020, respectively.

Order Granting Land Use Commission Staff's Request to Issue an Errata to the Findings of Fact, Conclusions of Law, and Decision and Order Approving with Modifications the Recommendation of the County of Maui Planning Commission to Approve a Fourth Amendment to the Land Use Commission Special Permit

HEREBY ORDERS that the LUC staff's request to issue an errata to the

Decision and Order filed August 13, 2020, be GRANTED.

Accordingly, Condition No. 23 (p. 58) and Findings of Fact Nos. 12 (pp. 6-

7), 135 (p. 43), and 138 (p. 46, last paragraph) of the Decision and Order filed August 13,

2020, shall be replaced by the corresponding condition and findings of fact identified on

Exhibit "A" attached hereto and incorporated by reference herein.

IT IS FURTHER ORDERED that the LUC Chair shall sign the Order in this

matter on behalf of the LUC.

Order Granting Land Use Commission Staff's Request to Issue an Errata to the Findings of Fact,
Conclusions of Law, and Decision and Order Approving with Modifications the Recommendation of the
County of Maui Planning Commission to Approve a Fourth Amendment to the Land Use Commission
Special Permit

## ADOPTION OF ORDER

This ORDER shall take effect upon the date this ORDER is certified by this Commission.

Done at Honolulu, Hawaiʻi, this ____27th____, day of October, 2020, per motion on _____October 8, 2020_____.

LAND USE COMMISSION

APPROVED AS TO FORM     STATE OF HAWAIʻI

_____

Deputy Attorney General

By_____

JONATHAN LIKEKE SCHEUER

Chairperson and Commissioner

Filed and effective on:

____October 27,_____2020_____

Certified by:

_____

DANIEL ORODENKER

Executive Officer

<u>Condition No. 23 (p. 58)</u>

23.    That the Applicant shall commence the process to seek a district boundary amendment with the LUC for the approximately 95,659 acres of the total permitted area of the CML within five years of the LUC's Decision and Order for the Applicant's Fourth Amendment Request.

<u>Finding of Fact No. 12 (pp. 6-7)</u>

12.    After additional discussion, the LUC entered into deliberations on the matter. Thereafter, a motion was made and seconded to approve the Applicant's Fourth Amendment Request, subject to the 18 conditions recommended by the Planning Commission and the two conditions proposed by the Applicant. Amendments to this motion were subsequently made and seconded to include (a) an additional condition to read as follows:

- The Applicant shall commence the process to seek a district boundary amendment with the LUC for the approximately 95,659 acres of the total permitted area of the CML within five years of the LUC's Decision and Order for the Applicant's Fourth Amendment Request.

and (b) the two conditions recommended by OP. Following discussion, a vote was taken on this amended motion. There being a vote tally of 5 ayes and 3 nays, the amended motion passed.[3]

---

[3] There are eight sitting commissioners presently on the LUC. The ninth seat is currently vacant.

Exhibit "A"

<u>Finding of Fact No. 135 (p. 43)</u>

135.    The Applicant will commence the process to seek a district

boundary amendment with the LUC for the approximately 95.659 acres of the total

permitted area of the CML within five years of the LUC's Decision and Order for the

Applicant's Fourth Amendment Request.

<u>Finding of Fact No. 138 (p. 46, last paragraph)</u>

138.

The Applicant will commence the process to seek a district boundary
amendment with the LUC for the approximately 95.659 acres of the total
permitted area of the CML within five years of the LUC's Decision and
Order for the Applicant's Fourth Amendment Request.



BEFORE THE LAND USE COMMISSION

OF THE STATE OF HAWAI`I

| | | |
|---|---|---|
| In The Matter Of The Application Of The | ) | DOCKET NO. SP97-390 |
| | ) | |
| COUNTY OF MAUI DEPARTMENT OF | ) | |
| ENVIRONMENTAL MANAGEMENT | ) | |
| | ) | |
| To Obtain A Fourth Amendment To | ) | CERTIFICATE OF SERVICE |
| Land Use Commission Special Permit To | ) | |
| (1) Extend The Time For The Special | ) | |
| Permit To October 31, 2028, For The | ) | |
| Central Maui Landfill; (2) Delete | ) | |
| Approximately 16.841 Acres Of Land | ) | |
| From The Special Permit; And (3) Include | ) | |
| Approximately 39.573 Acres Of Land | ) | |
| Within The Special Permit For The | ) | |
| Development Of Recycling And | ) | |
| Diversion Facilities | ) | |
| ------------------------------------------------------- | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of <u>ORDER GRANTING LAND USE COMMISSION STAFF'S REQUEST TO ISSUE AN ERRATA TO THE FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION AND ORDER APPROVING WITH MODIFICATIONS THE RECOMMENDATION OF THE COUNTY OF MAUI PLANNING COMMISSION TO APPROVE A FOURTH AMENDMENT TO THE LAND USE COMMISSION SPECIAL PERMIT; EXHIBIT "A"</u> was served upon the following by either hand delivery or depositing the same in the U. S. Postal Service by regular or certified mail as noted:



BEFORE THE LAND USE COMMISSION

OF THE STATE OF HAWAI'I

| In The Matter Of The Application Of The | ) | DOCKET NO. SP97-390 |
|---|---|---|
| COUNTY OF MAUI DEPARTMENT OF ENVIRONMENTAL MANAGEMENT | ) ) ) | |
| To Obtain A Fourth Amendment To Land Use Commission Special Permit To (1) Extend The Time For The Special Permit To October 31, 2028, For The Central Maui Landfill; (2) Delete Approximately 16.841 Acres Of Land From The Special Permit; And (3) Include Approximately 39.573 Acres Of Land Within The Special Permit For The Development Of Recycling And Diversion Facilities | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CERTIFICATE OF SERVICE |

-------------------------------------------------------

CERTIFICATE OF SERVICE

I hereby certify that a copy of <u>ORDER GRANTING LAND USE COMMISSION STAFF'S REQUEST TO ISSUE AN ERRATA TO THE FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION AND ORDER APPROVING WITH MODIFICATIONS THE RECOMMENDATION OF THE COUNTY OF MAUI PLANNING COMMISSION TO APPROVE A FOURTH AMENDMENT TO THE LAND USE COMMISSION SPECIAL PERMIT; EXHIBIT "A"</u> was served upon the following by either hand delivery or depositing the same in the U. S. Postal Service by regular or certified mail as noted:

DEL.        MARY ALICE EVANS, Director
            Office of Planning
            P. O. Box 2359
            Honolulu, Hawaii  96804-2359

DEL.        DAWN TAKEUCHI-APUNA, Esq.
            Deputy Attorney General
            Hale Auhau, Third Floor
            425 Queen Street
            Honolulu, Hawaii  96813

REGULAR     Mr. Mike Munekiyo
MAIL:       Munekiyo & Hiraga, Inc.
            395 High Street, Suite 104
            Wailuku, Hawai`i  96793

REGULAR     ERIC NAKAGAWA, Director
MAIL:       County of Maui
            Department of Environmental Management
            200 South High Street, Room 322
            Wailuku, Hawaii  96793

CERTIFIED   Mr. Michael Hopper Esq.,
MAIL:       County of Maui
            Department of Environmental Management
            200 South High Street, Room 322
            Wailuku, Hawaii  96793


            Honolulu, Hawaii, ___10/27/2020___ .

            _____
            DANIEL ORODENKER
            Executive Officer